BROWN, Appellant,

v.

FIRSTENERGY CORPORATION et al., Appellees.

[Cite as *Brown v. FirstEnergy Corp.*, 159 Ohio App.3d 696, 2005-Ohio-712.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 22123.

Decided Feb. 23, 2005.

Eric D. Hall, for appellant.

Aretta K. Bernard and Karen D. Gaum, for appellee.

———————

SLABY, Presiding Judge.

{¶ 1} Appellant, Thomas Brown, appeals from the judgment of the Summit County Court of Common Pleas that dismissed his complaint. This court affirms.

{¶ 2} Appellant filed suit against appellee, FirstEnergy Corp., on May 18, 2001. In his complaint, appellant alleged that he was constructively terminated because

of his disability and that appellee had failed to provide a safe workplace by exposing appellant to secondhand cigarette smoke in the workplace. On February 11, 2002, appellee moved for summary judgment on appellant's complaint. The trial court granted appellee's motion on appellant's claim of disability discrimination but denied the motion with regard to the second count in the complaint.

{¶ 3} Subsequently, on February 13, 2004, appellee moved to dismiss appellant's remaining claim, asserting that appellant's sole remedy was through the Bureau of Workers' Compensation. The trial court denied appellee's motion on March 3, 2004. However, appellee requested reconsideration of that denial on March 15, 2004, claiming again that the trial court lacked jurisdiction to hear the matter. Approximately three weeks later, appellant sought leave to amend his complaint in order to state a claim for an intentional tort. Appellant was denied leave to amend, and his remaining claim was dismissed on April 30, 2004. Appellant timely appealed, raising two assignments of error.

## ASSIGNMENT OF ERROR I

The trial court abused its discretion in granting Appellee['s] Motion for reconsideration and denying Appellant's motion to amend his complaint.

{¶ 4} In his first assignment of error, appellant alleges that the trial court erred by not granting leave to file a first amended complaint, pursuant to Civ.R. 15(A). Appellant's allegation is not well taken.

{¶ 5} Civ.R. 15(A) provides:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served* * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires.

Because the trial court maintains the discretion whether to deny leave to amend, an appellate court will not reverse a trial court's decision denying leave to amend a pleading absent an abuse of discretion. *Wilmington Steel Prod., Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

[W]here it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good

faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion.

*Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 297 N.E.2d 113.

{¶ 6} Accordingly, a plaintiff must move to amend under Civ.R. 15(A) in a timely manner. *Johnson v. Norman Malone & Assoc., Inc.* (Dec. 20, 1989), 9th Dist. No. 14142, at 10, 1989 WL 154763. See, also, *Peterson*, 34 Ohio St.2d at 175, 297 N.E.2d 113. However, "[a]n attempt to amend a complaint following the filing of a motion for summary judgment raises the spectre of prejudice." See *Johnson*, supra, at 10. Therefore, " 'plaintiffs should not be permitted to sit by for this period and bolster up their pleadings in answer to a motion for summary judgment.' " Id., quoting *Eisenmann v. Gould–Natl. Batteries, Inc.* (E.D.Pa. 1958), 169 F.Supp. 862, 864. We find the same rationale to be applicable when a motion to dismiss has been filed in the trial court.

{¶ 7} Appellant moved to amend his complaint nearly three years after filing the original complaint, two months after appellee filed its motion to dismiss, and more than three weeks after appellee moved for reconsideration of its motion to dismiss. Because appellant failed to timely file his motion to amend his complaint, we do not find that the trial court abused its discretion by denying it. See id. (finding that trial court did not abuse its discretion in denying plaintiff's motion to amend when plaintiff filed his motion almost 20 months after the original complaint and three weeks after both parties had filed motions for summary judgment).

{¶ 8} Additionally, appellant asserts that appellee's motion for reconsideration in the trial court should have been deemed a nullity. This argument lacks merit. Appellant correctly asserts that a trial court does not have authority to reconsider its own final judgments. *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 380, 21 O.O.3d 238, 423 N.E.2d 1105. However, appellee moved to reconsider the denial of its motion to dismiss. Such an order is not final. Therefore, until a final order was entered, the trial court was free to reconsider its decision. See Civ.R. 54(B). Consequently, appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

The trial court erred when it dismissed Appellant's case for lack of subject matter jurisdiction.

{¶ 9} In his second assignment of error, appellant avers that the trial court erred in dismissing his complaint. Specifically, appellant asserts that his original complaint contained an intentional-tort claim. This court disagrees.

{¶ 10} An appellate court reviews de novo a trial court's granting of a motion to dismiss pursuant to Civ.R. 12(B)(1). *Thomas v. O'Connor* (Mar. 22, 2000), 9th Dist. No. 19538, at 3, 2000 WL 296080. Thus, this court must decide whether appellant's complaint alleged any cause of action that the trial court had authority to decide. *Avco Fin. Services Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 67, 520 N.E.2d 1378. "An employer is not immune from civil liability for employee injuries, disease, or death caused by the employer's intentional tortious conduct in the workplace, since such conduct necessarily occurs outside the employment relationship." *Conley v. Brown Corp. of Waverly, Inc.* (1998), 82 Ohio St.3d 470, 696 N.E.2d 1035, paragraph one of the syllabus.

{¶ 11} As a means to insulate courts from the abuse of this exception to the workers' compensation scheme, the Ohio Supreme Court departed from pure notice pleading, providing as follows:

A claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief unless the complaint alleges facts showing that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded.

*Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753, syllabus.

{¶ 12} In its entirety, the second count appellant's complaint reads:
Violation of Ohio Revised Code § 4101.11 and § 4101.12

19. [Appellant] restates all of the foregoing as if fully rewritten herein and states further that Defendants, jointly and severally, beached [sic] a duty to provide a safe workplace by exposing [Appellant] to cigarette smoke in the workplace.

20. As a direct and proximate result of [Appellee's] joint and several misconduct, [Appellant] has suffered injury, damage and loss, including loss of wages and benefits, emotional distress and other damage.

Appellant's complaint cannot be said to meet the heightened pleading requirement set forth by the Ohio Supreme Court. See *Mitchell*, 40 Ohio St.3d 190, 532 N.E.2d 753, at syllabus.

In order to establish an intentional tort, a plaintiff must show proof beyond that required to establish negligence and beyond that required to establish recklessness. When the employer acts despite the knowledge of some risk, the employer's conduct may be negligent. When the risk is great and the probability increases that certain consequences may follow, the employer's conduct may be reckless. As the probability that certain consequences will follow further increases and the employer knows that injury to employees is certain, or substantially certain, to result from his act, and he still proceeds, he

is treated by the law as if he has in fact desired to produce the result. Mere knowledge and appreciation of a risk, however, falls short of substantial certainty and does not by itself establish intent.

(Emphasis omitted.) Id. at 191, 532 N.E.2d 753, citing *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 117, 522 N.E.2d 489.

{¶ 13} In his complaint, appellant alleged that he sent notice on numerous occasions to appellee that he had a medical condition that required that he work in a smoke-free environment. However, at no point in the complaint does appellant allege with any particularity that the severity of his condition was known to appellee. Further, the complaint does not state with any particularity the conditions or the severity of the conditions that were present in the workplace that were harming appellant. Therefore, the complaint cannot be construed to allege that appellee was substantially certain that injury would occur to appellant if appellee continued its current level of enforcement of its smoke-free environment policy. Accordingly, the trial court did not err in dismissing appellant's complaint. Therefore, appellant's second assignment of error is overruled.

{¶ 14} Appellant's assignments of error are overruled, and the judgment of Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

CARR and WHITMORE, JJ., concur.