JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff Denver Barry and defendant Nancy Rolfe have been bitterly contesting the custody of their six-year-old child in the juvenile division. As relevant here, Rolfe filed a motion seeking to dismiss Barry's application for custody. Rolfe maintained that Barry committed perjury by falsifying information relating to prior criminal convictions on his affidavit filed with his application to determine custody. The court found that Barry gave incorrect responses to those questions, but that his actions did not amount to "perjury" as defined by R.C. 2921.11. The court denied Rolfe's motion to dismiss. Rolfe appeals from the court's refusal to dismiss Barry's application for custody, and also complains that the court erred by failing to find Barry in contempt for filing false information in the affidavit.
 {¶ 2} Before addressing the merits of the appeal, we must address the substance of a motion to dismiss that has been referred to this panel. Barry asks us to dismiss Rolfe's appeal on grounds that an order denying a motion to dismiss is not a final order under R.C. 2505.02.
 {¶ 3} It has long been the case that an order denying a party's motion to dismiss an action is not a final order under R.C. 2505.02. This is because an order denying a motion to dismiss does not determine the action, nor does it foreclose the possibility of future relief. See, e.g., Cleveland v. Solomon
(Apr. 15, 1999), Cuyahoga App. No. 75348; Brown v. FirstEnergyCorp., 159 Ohio App.3d 696, 2005-Ohio-712, ¶ 8.
 {¶ 4} In response to Barry's motion to dismiss the appeal, Rolfe supplemented the record with a journal entry by the court certifying no just reason for delay under Civ.R. 54(B). That certification is of no effect for purposes of the court's ruling on Rolfe's motion to dismiss. Civ.R. 54(B) certification only affects the appealability of an order — it cannot finalize an otherwise non-final order. Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 89 ("since the September 4 order did not determine Chef Italiano's claim and prevent it from obtaining a judgment against Testa, it is not a final, appealable order pursuant to R.C. 2505.02 regardless of the presence of Civ.R. 54[B] language").
 {¶ 5} Accordingly, we find that the court's order denying Rolfe's motion to dismiss Barry's application for custody is not a final order under R.C. 2505.02. We therefore lack jurisdiction to hear that part of the appeal.
 {¶ 6} We next must consider that aspect of the appeal relating to the court's refusal to hold Barry in contempt. InOhio Patrolmen's Benevolent Assoc. v. Cuyahoga County Sheriff,
Cuyahoga App. No. 79391, 2001-Ohio-4260, we stated:
 {¶ 7} "This court has held that in general, there is no right of appeal from the dismissal of a contempt motion unless the party making the motion is prejudiced by the dismissal. In reChapman, (June 21, 2001) Cuyahoga App. No. 78296, unreported, citing to Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St. 3d 14, 17, 520 N.E.2d 1362, and State ex rel. Boston v.Tompkins, (Sept. 30, 1996) Franklin App. No. 96APEO4-429, unreported. However, in Chapman, supra, this court determined that the denial of the motion was prejudicial because it prevented a finding that the trustee of the estate was acting in contravention of a court order. The Ohio Supreme Court reached a similar conclusion in Yonkings v. Wilkinson (1999),86 Ohio St. 3d 225, 714 N.E.2d 394, where the court held that the denial of the motion for contempt in that particular instance affected a substantial right."
 {¶ 8} No similar prejudice exists in this case. The court described the case as "having taken on the characteristics of an aggressive virulent cancer which may place [the child] at substantial risk of harm." It went on to say that the:
 {¶ 9} "Parties have (repeatedly) failed to comply with court orders, resulting in, among other things, impeding the investigation to the parties' claims and [the child's] risk of losing his relationship with his mother. This hearing is one part of the parents' on-going hostilities with the other. After an in camera interview with [the child], the court finds that one or more parties are relating information to him about the factors in this case in direct violation of existing court orders."
 {¶ 10} We assume that Rolfe believes the prejudice to her from the court's refusal to grant her motion to hold Barry in contempt is that it would somehow jeopardize her chances at gaining custody of the child — presumably, she thinks that a contempt citation would bolster her case. If that is her reason for showing prejudice, it is a poor one. In ruling on the motion to dismiss Barry's motion for custody, the court said that such an action could result in Rolfe being immediately entitled to custody of the child, something that it had "previously determined is not in the child's best interests after numerous hearings." We fail to see how a contempt citation would have aided Rolfe under those circumstances.
 {¶ 11} Indeed, it appears that both parties have made unsubstantiated accusations that the other had physically and sexually abused the child. Moreover, the court's judgment entry notes that Rolfe "is pursuing criminal sanctions against the plaintiff for the same offense at the time of trial." Finally, the court noted that Rolfe herself had failed to file the required affidavit with respect to her pending motion for custody, despite having been given a firm deadline for doing so.
 {¶ 12} Given the court's observations and conclusions, it is impossible for us to find that Rolfe was prejudiced by the court's failure to find Barry in contempt. It appears from the court's judgment entry that Rolfe's conduct in this case is no better than that she attributes to Barry. She has suffered no prejudice from the court's refusal to find Barry in contempt. Consequently, the court's order denying the motion to hold Barry in contempt did not affect a substantial right. That being the case, the order denying the motion did constitute a final order and we lack jurisdiction to consider it on appeal.
Appeal dismissed.
This appeal is dismissed.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Celebrezze, Jr., J., Concur.