JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Erika Kleinfeld ("Kleinfeld"), brings this appeal challenging the trial court's dismissal of her cases against appellees, The Huntington National Bank ("Huntington") and Becket Chambers Inc. ("BC"); its grant of summary judgment in favor of Huntington; and, its denial of her motion to disqualify Huntington's counsel.[1] After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} In March 2000, Huntington obtained a cognovit judgment in excess of $500,000 against Lawrence Lomaz, personally, and against his company, Pacific Financial Services of America, Inc. (Case No. CV-404730). Certificates of judgment were filed in Cuyahoga, Portage, Mahoning, and Ashtabula counties. Huntington attempted to collect on its judgment without success.
 {¶ 3} On August 19, 2003, Huntington obtained an order in aid of execution, authorizing the Cuyahoga County Sheriffs Office ("CCSO") to seize personal property[2] ("property") from Lomaz's apartment on Elm Street, Cleveland, Ohio ("the apartment"). The CCSO attempted to enter the apartment on four occasions, [3] all without success. It is undisputed that Lomaz lived and *Page 4 
had an office in the apartment on all four of the occasions when the CCSO attempted entry.
 {¶ 4} On October 15, 2003, Huntington moved the court for an order of possession and to allow the CCSO to forcibly enter the apartment to execute on the August 19, 2003 order. The court scheduled a hearing on Huntington's motion for November 14, 2003. Lomaz filed two motions to continue the hearing, but never filed an opposition to the underlying motion. The court rescheduled the hearing twice, and the hearing was ultimately held on January 5, 2004.
 {¶ 5} On January 1, 2004, Lomaz began subletting the apartment to Kleinfeld. Kleinfeld signed a Replacement Lease, which placed her name as lessee on the original lease. Lomaz retained a key to the apartment and kept some of his clothing there. Kleinfeld testified in her deposition that she purchased the personal property that Lomaz had in the apartment for the sum of $2,000. She also testified that she paid Lomaz $1,000 in December 2003 and $1,000 in July 2004. Kleinfeld testified that she never got a receipt for her payments, and she has no documentation of any kind evidencing her purchase.
 {¶ 6} At the January 5, 2004 hearing, Lomaz appeared with counsel and opposed the forcible entry motion on the basis that he no longer lived at the apartment. On January 12, 2004, the court granted Huntington's motion for an order of possession and for forcible entry, which authorized the CCSO to enter the apartment for the purpose of seizing the property Lomaz owned and kept at *Page 5 
the apartment at the time the original execution was ordered on August 19, 2003.
 {¶ 7} On March 9 and 10, 2004, two deputies from the CCSO entered the apartment. The deputies were accompanied by two of Huntington's attorneys, a locksmith, and movers from BC, as required by the CCSO. The deputies began tagging and seizing the property. On both dates, Kleinfeld arrived and claimed that the property in the apartment was hers, although she could not produce evidence of ownership. Specifically, Kleinfeld told the deputies that the property had previously belonged to Lomaz, but that as of December 31, 2004, all the property belonged to her. BC stored the property that was seized from the apartment.
 {¶ 8} Although Kleinfeld objected to the seizure, instead of following the procedure provided in R.C. 2329.091, she filed a complaint against Huntington on April 1, 2004 (Case No. CV-526833). Kleinfeld failed to properly serve Huntington; nonetheless, Huntington answered and counterclaimed against Kleinfeld for conversion and replevin on the basis that she had unlawfully removed several thousand dollars worth of property after the CCSO deputies left on March 9th and before they returned March 10th . Kleinfeld's complaint was dismissed on September 29, 2006 for failure to prosecute.
 {¶ 9} On August 17, 2006, Kleinfeld filed a replevin action against BC (Case No. CV-599182). On October 20, 2006, Kleinfeld refiled her complaint *Page 6 
against Huntington alleging trespass, wrongful entry, conversion, and replevin (Case No. CV-604994). On June 14, 2007, Kleinfeld moved to amend her complaint to add a claim for abuse of process, which Huntington opposed. The trial court did not rule on the motion to amend.
 {¶ 10} On June 25, 2007, Huntington filed a motion for summary judgment in Case No. CV-604994. On August 6, 2007, Kleinfeld filed a third complaint against Huntington alleging abuse of process (Case No. CV-630879), which was nearly identical as the claim she had attempted to add in Case No. CV-604994. On September 27, 2007, Huntington filed a motion to strike Kleinfeld's third complaint or in the alternative to dismiss Case No. CV-630879. On November 16, 2007, Kleinfeld moved the court to disqualify Huntington's attorneys on the basis that they were necessary witnesses at trial. Huntington opposed Kleinfeld's motion to disqualify. BC filed a motion to dismiss Case No. CV-599182, which Kleinfeld did not oppose.
 {¶ 11} On December 21, 2007, the trial court granted Huntington's motion for summary judgment and motion to dismiss; granted BC's motion to dismiss; and denied Kleinfeld's motion to disqualify Huntington's counsel. Huntington dismissed without prejudice its action against Kleinfeld in Case No. CV-526833.
 Review and Analysis *Page 7 {¶ 12} Kleinfeld timely filed her notice of appeal. She raises four assignments of error for review, three of which pertain to her claims against Huntington and the last of which pertains solely to BC.
 Summary Judgment {¶ 13} "I. The trial court erred in granting defendant-appellee Huntington National Bank's motion for summary judgment in Consolidated Case No. [CV-] 604994."
 {¶ 14} In her first assignment of error, Kleinfeld argues that the court erred when it granted Huntington's motion for summary judgment against her. She specifically argues there were genuine issues of material fact which precluded summary judgment. We disagree.
 {¶ 15} "Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 16} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Page 8 Celotex Corp. v. Catrett (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 17} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the recordwhich demonstrate the absence of a genuine issue of fact or materialelement of the nonmoving partys claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ. R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 18} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto County Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ. R. 56(C). "The reviewing court evaluates the record *** in a light most favorable to the nonmoving party ***. [T]he motion must be overruled if reasonable minds could find for the party *Page 9 
opposing the motion." Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50,593 N.E.2d 24; Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741,607 N.E.2d 1140.
 {¶ 19} The only relevant questions before this court are whether Huntington obtained a valid order of possession authorizing it to seize the property and whether Kleinfeld can demonstrate proof of ownership of the property.
 {¶ 20} The trial court granted Huntington an order of possession on January 12, 2004, which was never challenged. The CCSO executed on that order on March 9 and 10, 2004. Despite the claims in her self-serving affidavit that she purchased the property from Lomaz, absent documented proof of the purchase, Kleinfeld has not established a genuine issue of material fact to defeat summary judgment. Furthermore, her sublease on the apartment, which she did provide, does not entitle her to the presumption that the property located within it is hers.
 {¶ 21} The trial court did not err by granting summary judgment in favor of Huntington. Kleinfeld's first assignment of error is overruled.
 Abuse of Process {¶ 22} "II. The trial court erred in dismissing appellant's abuse of process claim in Consolidated Case No. [CV-]630879." *Page 10 
 {¶ 23} In her second assignment of error, Kleinfeld argues that the court erred by granting Huntington's motion to dismiss Case No. CV-630879. She argues that she has sufficiently pleaded the elements of an abuse of process claim. We disagree.
 {¶ 24} Kleinfeld focuses solely on whether the factual allegations as pleaded in her complaint, if taken as true, support a claim for abuse of process. Although she correctly sets forth the standard under Civ. R. 12(b)(6), she conveniently ignores the fact that she violated Civ. R. 15(A) and Loc. R. 8(D) by circumventing the rules for amending a complaint.
 {¶ 25} Civ. R. 15(A) states: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." See, also, Loc. R. 8(D). *Page 11 
 {¶ 26} In Case No. CV-604994, Kleinfeld attempted to amend her complaint to include a claim for abuse of process by filing a motion for leave to file a first amended complaint. Her motion was filed on June 14, 2007, after discovery was cut off, a dispositive motion date of June 25, 2007 was set, and a trial date of August 22, 2007 was set. The trial court never granted Kleinfeld leave to file her amended complaint. InBrown v. FirstEnergy Corp., 159 Ohio App.3d 696, 2005-Ohio-712,825 N.E.2d 206, the court denied a plaintiffs motion for leave to amend because it was filed almost three years after the original complaint and after dispositive motions had been filed.
 {¶ 27} We note that Kleinfeld filed her first complaint against Huntington in 2004. Despite the court's dismissal for failure to prosecute, this case, including Huntington's counterclaim, had been active for over three years by the time Kleinfeld filed her motion for leave to amend in Case No. CV-604994. Discovery had been completed, and the case was set for trial. We do not find that the court erred in effectively denying her motion for leave to amend by failing to rule on it.
 {¶ 28} This leads us to analyze whether the court erred in dismissing Kleinfeld's third complaint, which adds a claim for abuse of process, the exact claim she tried to add in her proposed amended complaint. We find that Kleinfeld was attempting to circumvent the civil rules, and her complaint was properly dismissed. *Page 12 
 {¶ 29} Even if her third complaint was properly filed, we agree with Huntington that Kleinfeld failed to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,65 Ohio St.3d 545, 1992-Ohio-73, 605 N.E.2d 378. It is well-settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party."Byrd v. Faber (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584.
 {¶ 30} While the factual allegations of the complaint are taken as true, "[unsupported conclusions of a complaint are not considered admitted *** and are not sufficient to withstand a motion to dismiss."State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324,544 N.E.2d 639. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ. CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, 245, 327 N.E.2d 753.
 {¶ 31} Since factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. Hunt v. Marksman Prod., Div. of S/RIndus., Inc. (Mar. 22, 1995), Summit App. No. 16679. *Page 13 
 {¶ 32} Based on our disposition of Kleinfeld's first assignment of error, we cannot hold that Kleinfeld is entitled to relief on her claim for abuse of process. Huntington has a valid order of possession, and Kleinfeld cannot demonstrate valid ownership of the property at issue. Nothing in her third complaint could survive a Civ. R. 12(b)(6) motion challenge because she can prove no set of facts that give her a legal right to the property. Therefore, we overrule Kleinfeld's second assignment of error.
 Disqualification of Counsel {¶ 33} "III. The trial court erred in denying appellant's motion to disqualify appellee Huntington National Bank's counsel in Consolidated Case No. [CV-] 630879."
 {¶ 34} In her third assignment of error, Kleinfeld argues that the trial court should have disqualified Huntington's lawyers because their presence at the apartment on March 9 and 10, 2004 created a conflict of interest. She claims that, because of their presence, she planned to call them as witnesses in the case. Our disposition of the previous assignments of error renders this argument moot.
 Claims Against Becket Chambers {¶ 35} "IV. The trial court erred in dismissing appellant's claims against appellee Becket Chambers, Inc. in Consolidated Case No. [CV-]599182." *Page 14 
 {¶ 36} In her fourth assignment of error, Kleinfeld argues that the court erred by failing to hold a hearing as mandated by R.C. 2737.07(A); therefore, dismissal of her case against BC was improper. BC contends that dismissal was proper because Kleinfeld had not demonstrated ownership of the property, and her argument on appeal was waived for failure to raise it below. We find no merit in Kleinfeld's argument.
 {¶ 37} Kleinfeld cannot raise for the first time on appeal arguments she failed to raise in the trial court below. See State ex rel. QuartoMining Co. v. Foreman, 79 Ohio St.3d 78, 1997-Ohio-71, 679 N.E.2d 706. Kleinfeld never filed an opposition to BC's motion to dismiss, so she waived any arguments she may have had. Nonetheless, we find that the trial court did not err by granting BC's motion.
 {¶ 38} R.C. 2737.07(A) states: "Upon the filing of the motion for an order of possession pursuant to section 2737.03 of the Revised Code, the court shall cause the matter to be set for hearing within twenty days thereafter and the respondent shall be notified in accordance with section 2737.05 of the Revised Code." Kleinfeld correctly notes that the language of the statute is mandatory as it relates to the court holding a hearing; however, she ignores the reference within this section to R.C. 2737.03, which requires a movant to submit an affidavit providing, among other things, a description of the property, the *Page 15 
specific interest of the movant in the property, and proof that the property is not seized under execution of judgment. R.C. 2737.03.[4]
 {¶ 39} We have already determined in her case against Huntington that Kleinfeld cannot demonstrate a claim of ownership of the property in question, nor can she prove that the property was seized under an invalid order of possession. In fact, in her affidavit attached to her complaint, Kleinfeld does not provide a description of the property, but states instead that she cannot identify the property with specificity because it was removed from the apartment two years ago. She does not and cannot provide the approximate value of each item of property, but she estimates the total value to be in excess of $15,000, despite having testified she paid $2,000 for it. Further, she states her interest in the *Page 16 
property is based on her having leased the apartment from Lomaz, but she does not and cannot provide how she has a specific interest in the property itself. Kleinfeld failed to state a claim upon which relief could be granted.
 {¶ 40} The trial court did not err when it granted BC's motion to dismiss. Kleinfeld's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., and MARY JANE BOYLE, J., CONCUR
[1] Case Nos. CV-404730, CV-526833, CV-599182, CV-604994, and CV-630879 have been consolidated for the purposes of this appeal; however, Kleinfeld is not a party in Case No. CV-404730.
[2] Lomaz's personal property included some furniture, inventory from a business he owned, and other unidentified items.
[3] August 25, 2003; September 18, 2003; October 9, 2003; and October 14, 2003.
[4] R.C. 2737.03 states in full: "Any party to an action involving a claim for the recovery of specific personal property, upon or at any time after commencement of the action, may apply to the court by written motion for an order of possession of the property. The motion shall have attached to it the affidavit of the movant, his agent, or his attorney containing all of the following:
"(A) A description of the specific personal property claimed and the approximate value of each item or category of property claimed;
"(B) The specific interest of the movant in the property and, if the interest is based upon a written instrument, a copy of that instrument;
"(C) The manner in which the respondent came into possession of the property, the reason that the detention is wrongful and, to the best of the knowledge of the movant, the reason, if any, that the respondent may claim the detention is not wrongful;
"(D) The use to which the respondent has put the property, as determined by the movant after such investigation as is reasonable in the circumstances;
"(E) The extent, if any, to which the movant is or will be damaged by the respondent's detention of the property;
"(F) To the best of the movant's knowledge, the location of the property;
"(G) That the property was not taken for a tax, assessment, or fine pursuant to statute, or seized under execution of judgment against the property of the movant or, if so seized, that it is statutorily exempt from seizure." *Page 1