[Cite as *Aungst v. Light*, 2020-Ohio-3347.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

JOSANNE AUNGST

    Appellant

    v.

MARK S. LIGHT, et al.

    Appellees

C.A. No.     29349

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2017-09-3665

DECISION AND JOURNAL ENTRY

Dated: June 17, 2020

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, Josanne Aungst, derivatively on behalf of Signet Jeweler, LTD. ("Aungst"), appeals the judgment of the Summit County Court of Common Pleas granting the motion to dismiss the complaint. For the reasons that follow, this Court affirms.

I.

{¶2} On September 1, 2017, Aungst filed a verified complaint for a shareholder derivative action asserting claims for breach of fiduciary duty, abuse of control, gross mismanagement, and unjust enrichment against Mark S. Light, Mark Jenkins, H. Todd Stitzer, Michael Barnes, Virginia Drosos, Dale Hilpert, Helen McCluskey, Marianne Miller Parrs, Thomas Plaskett, Jonathan Sokoloff, Robert J. Stack, Brian Tilzer, Eugenia Ulasewicz, and Russell Walls (the "Individual Defendants"), and nominal defendant, Signet Jewelers Limited ("Signet") collectively (the "Defendants"). The Individual Defendants are past or present officers and

directors of Signet. Signet—a retailer of jewelry and related services—is a Bermuda company. Signet's corporate offices are located in Akron, OH.

{¶3} The Individual Defendants and Signet jointly moved the trial court to dismiss the complaint. Defendants argued that, under the applicable Bermuda law, Aungst lacked standing to maintain a derivative action on behalf of Signet. The parties fully briefed the issues and the trial court set the matter for an oral hearing. At the conclusion of the hearing, the trial court took the matter under advisement. On February 28, 2019, the trial court issued its ruling granting the motion and dismissing Aungst's complaint.

{¶4} Aungst timely appealed the trial court's judgment and raised two assignments of error for our review.

II.

**Assignment of Error I**

**\* \* \* The trial court misapplied the *Foss* rule, and erred in concluding that Aungst failed to sufficiently plead derivative standing under the ultra vires exception.**

{¶5} In her first assignment of error, Aungst contends, under Bermuda law, a shareholder has standing to assert a derivative claim where ultra vires conduct is alleged. She asserts that she has alleged ultra vires conduct that cannot be ratified by Signet, and that the trial court erred in conflating the ultra vires exception with the fraud on the minority exception. Aungst argues that the trial court applied the wrong legal standard and, consequently, erred in granting the motion to dismiss.

{¶6} A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual

allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Before a court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In determining a motion pursuant to Civ.R. 12(B)(6), the court cannot rely on evidence or allegations outside of the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). "'An order of dismissal entered pursuant to Civ.R. 12(B)(6) is an adjudication on the merits of the issue the rule presents, which is whether a pleading put before the court states a claim for relief. It does not adjudicate the merits of the claim itself, unless it can be pleaded in no other way[.]'" *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, ¶ 17, quoting *Collins v. Natl. City Bank*, 2d Dist. Montgomery No. 19884, 2003-Ohio-6893, ¶ 51. This Court reviews an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶7} The Defendants' motion to dismiss asserted, in part, that Aungst lacked standing to sue derivatively on behalf of Signet under Bermuda law. Aungst opposed the motion arguing that Bermuda law allows a shareholder derivative action to be maintained where, as here, ultra vires conduct is alleged. The parties agree that Bermuda law applies to this dispute. They also agree, to a limited extent, on the Bermuda law relevant to shareholder derivative actions.

{¶8} As Aungst asserts in her merit brief, "Bermuda follows the rule of *Foss v. Harbottle* in determining the circumstances under which a company's shareholders may maintain a derivative action." The "rule in *Foss*" is derived from an English case decided in 1843. *See Foss v. Harbottle*, 67 Eng. Rep. 189 (Ch. 1843). "Under the rule in *Foss*, 'the proper plaintiff in a suit addressing a wrong done to a company is the company itself, not the shareholder.'" *Saratoga*

*Advantage Tr. Technology & Communications Portfolio v. Marvell Technology Group, Ltd.*, N.D.California No. 15-cv-04881-RMW, 2016 WL 4364593, \*3 (Aug. 16, 2016), quoting *Voss v. Sutardja*, N.D.California Nos. 14-CV-01581-LHK, 14-CV-02523-LHK, 14CV-03214, 2015 WL 349444, \*10 (Jan. 26, 2015). The rule is based on a fundamental principle of Bermuda law: a company has a legal personality that is separate and distinct from its shareholders, owns its own property, and acts in the company's own name when it created obligations and liabilities. *Erie Cty. Emps. Retirement Sys. v. Isenberg*, S.D.Texas No. H-11-40522012, 2012 WL 3100463, \*3 (July 30, 2012).

{¶9} The essence of the rule in *Foss* is that "a shareholder may ordinarily bring a derivative claim on behalf of a corporation only if a simple majority of the shareholders could not ratify the conduct on which the suit is based." *In re Tyco Intern., Ltd.*, 340 F.Supp.2d 94, 98 (D.N.H.2004); *see City of Harper Woods Emps.' Retirement Sys. v. Olver*, 589 F.3d 1292, 1299 (D.C.Cir.2009) ("[N]o individual shareholder can maintain an action if the alleged wrong is capable of ratification by a simple majority of shareholders."). The rule is "subject to four 'exceptions' which permit a shareholder to bring suit when the conduct at issue is: (1) ultra vires; (2) requires a special majority to ratify; (3) infringes a shareholder's personal rights; or (4) qualifies as a 'fraud on the minority.'" *Tyco* at 98, citing *Edwards v. Halliwell,* 2 All E.R. 1064 (1950). "[I]n its adherence to the rule in *Foss* [], Bermuda law does not permit shareholder derivative suits unless an exception to the rule applies[.]" *Isenberg* at \*4.

{¶10} Aungst maintains that the ultra vires exception is applicable here. The Defendants contend that, under Bermuda law, the ultra vires exception alone is insufficient to confer standing in this matter. The trial court agreed with the Defendants and held that "[t]he right to seek redress for [the wrongs alleged by Aungst] belongs to Signet, unless it is shown that the wrongdoers

perpetrated a fraud on the minority (a claim that [Aungst] does not make herein)." (Emphasis omitted.)

{¶11} To ascertain a correct statement of Bermudian law, the trial court considered a variety of legal sources, including English case law, Bermuda court cases, and United States federal cases. The trial court found persuasive the legal authority standing "for the proposition that a minority shareholder cannot maintain a lawsuit on behalf of a company for alleged past *ultra vires* acts without separately pleading that the wrongdoers perpetrated a fraud on the minority." The court ultimately determined that, under Bermuda law, "in order for a plaintiff to maintain a shareholder derivative suit on behalf of a company, she must demonstrate that a fraud on the minority occurred."

{¶12} In her merit brief, Aungst initially sets forth an argument, within the first assignment of error, focusing on her claim that she has alleged ultra vires conduct. She contends she has standing to bring this derivative action because the alleged ultra vires acts cannot be ratified by a majority of Signet shareholders. However, there is a threshold issue preceding our consideration of whether Aungst has alleged ultra vires conduct or acts—which cannot be ratified by Signet—giving rise to the causes of action asserted in the complaint. First, we must determine whether the trial court erred in holding that Aungst was required to plead fraud on the minority *in addition to alleging past ultra vires conduct* in order to bring a derivative shareholder action within an exception to the rule in *Foss*. Aungst conceded below that she did not allege fraud on the minority. Thus, if the trial court's statement of law is correct, the conclusion that Aungst lacks standing is also correct. Therefore, if the trial court accurately stated and applied the law, Aungst's arguments in her merit brief regarding the ultra vires nature of the alleged conduct are irrelevant.

**{¶13}** In support of her contention that the trial court erred in conflating the ultra vires exception with the fraud on the minority exception, Aungst argues that the trial court disregarded authority that "identify these two exceptions as separate and independent." Aungst argues that the trial court's ruling suffers from a "fatal defect" in that "it relie[s] heavily on two non-binding, inapposite decisions[:]" *Clark v. Energia Global Intl. Ltd.,* 2001 Supreme Court Civil Jurisdiction No. 173, 10 (Bermuda.2002) and *Smith v. Croft* (No. 3), [1987] BCLC 355.

**{¶14}** In its decision, the trial court found instructive the Bermuda trial court's reference in *Energia*, to the decision in *Smith*, a decision from the Chancery Division of the Courts of England and Wales. As the trial court discussed in its decision, *Smith* held "[t]o have standing to bring a shareholder's action it was necessary for a shareholder to establish a prima facie case (i) that the company was entitled to the relief claimed and (ii) that the action fell within the boundaries of one of the exceptions to the rule in *Foss*[.]" *Smith* at 355h. *Smith* explained that the first condition was satisfied where the company was entitled to relief for a transaction that "was both ultra vires and illegal and as such unratifiable[.]" *Id.* at 356b. "As it regards the second condition * * *, namely that the action fell within the proper boundaries of an exception to the rule in *Foss*[,]" *Smith* noted a question as to whether there were circumstances in which an ultra vires transaction could fall within the rule in *Foss* such that the court would not allow the action. *Id*. at 356c-d.

**{¶15}** *Smith* reasoned that the solution to the issue "is to be found by a correct analysis of the rights which the minority shareholder is seeking to exercise or enforce in relation to the result of an ultra vires transaction." *Id*. at 385f. *Smith* noted a distinction between a shareholder bringing a personal or representative action to restrain the company from ultra vires conduct, and a shareholder seeking to bring an action for losses already sustained by a company's ultra vires actions or transactions. *Id*. at 387f-g. In the first instance, "the wrong which needs redress is the

minority shareholder's wrong." *Id*. at 389c. In the latter instance, however, "[w]here what is sought is compensation for the company for loss caused by ultra vires transactions the wrong * * * is a wrong to the company which has the substantive right to redress." *Id*. at 389b.

{¶16} *Smith* held that

> [w]here a shareholder sought to prevent a company from entering into an ultra vires transaction he was enforcing a personal right, but where he sought to recover for any loss caused by an executed ultra vires transaction the wrong was one done to the company and it was the company which had the right of redress.

*Id*. at 356d. Considering the two relevant exceptions to the rule in *Foss*—losses attributable to ultra vires conduct and transactions constituting a fraud on the minority—*Smith* observed that "a company acting either through an independent board of directors or pursuant to a resolution passed by a majority of independent shareholders, can always compromise or waive the cause of action vested in it so long as the decision in question to compromise or waive is taken by the persons concerned bona fide, and for reasons genuinely believed to be in the best interests of the company." *Id*. at 387i-388a. *Id.* at 391b-d.

{¶17} In *Energia*, *supra*, the court contemplated why the plaintiffs in that case had not, and could not, pursue a derivative action. *Energia* discussed the principles underling the rule in *Foss*, the exceptions to the rule, and stated: "[t]o proceed with a derivative action a shareholder must first satisfy the [c]ourt that wrongdoer control coupled with 'fraud on the minority' exists." *Energia*, 2001 Supreme Court Civil Jurisdiction No. 173 at 10. *Energia* also noted the ultra vires exception, "where the acts complained of involve the company, or company directors, acting outside the scope of the terms of the company's memorandum of association or Bye-Laws[.]" *Id*. Citing to *Smith*, *Energia* observed that decision made clear "that where the *ultra vires* act complained of had already been committed (as opposed to being threatened, when a shareholder

can injunct the proposed act), the shareholder must demonstrate that the claim satisfied the fraud on minority / wrongdoer control exception before the action could continue." *Id*. at 10-11.

{¶18} Aungst argues that the trial court erred in its reliance on *Energia* because: (1) it is a trial court decision and, therefore, "even if correctly decided," it is not binding on the trial court or this Court; (2) the cited law is not the holding in *Energia*, but dicta reflecting the court's opinion as to why the plaintiff did not assert a derivative claim; and (3) even if the case was "applicable," it is factually distinguishable. Regarding *Smith*, Aungst contends that it is distinguishable from the present matter because: (1) the allegations in that case involved "facially intra vires" conduct; (2) the Individual Defendants would never relinquish control to allow a shareholder vote, and no shareholder vote has occurred, thus it is "illogical to require Aungst to plead a fraud-on-the-minority exception" as stated in *Smith*; and (3) *Smith* was not resolved at the pleading stage, so the trial court's reliance on *Energia*, which relied upon *Smith*, is misplaced.

{¶19} Although Aungst outlines these arguments in her merit brief, she fails to distinguish *Energia* or *Smith* from the present matter in any relevant or meaningful way. Aungst has not presented argument or legal authority sufficient to convince this Court that the law cited by the trial court—as stated in *Energia* and *Smith*—is anything other than an accurate statement of Bermuda law. Moreover, Aungst's argument ignores the trial court's consideration of various federal court decisions applying the legal standard from *Energia* and *Smith*. *See e.g.*, *Saratoga*, 2016 WL 4364593 at *4, *Winn v. Schafer*, 499 F.Supp.2d 390, 397 (S.D.N.Y.2007); *Tyco*, 340 F.Supp.2d at 101-102 (Finding that "both English and Bermudian courts have recognized that when a shareholder seeks to bring a derivative action to recover damages for past *ultra vires* acts, the shareholder must demonstrate that the case qualifies under the fraud on the minority exception.").

{¶20} We conclude that Aungst's argument that the trial court applied the wrong legal standard is without merit. Because Aungst has admittedly not "pleaded fraud on the minority, her attempt to rely on the *ultra vires* exception [] fails" and we need not dispose of her arguments that "attempt to invoke the *ultra vires* exception" as a basis for maintaining her derivative action. *Tyco*, 101-102. Therefore, her first assignment of error is overruled.

### Assignment of Error II

**\* \* \* The trial court erred in denying Aungst's request for leave to amend her initial complaint in contravention of [Civ.R.] 15(A)'s liberal policy.**

{¶21} In her second assignment of error, Aungst argues that the trial court erred when it "decided the legal question of futility and denied leave to amend without any analysis."

{¶22} This Court reviews the denial of a motion for leave to amend a pleading for an abuse of discretion. *Jacobson-Kirsch v. Kaforey*, 9th Dist. Summit No. 26708, 2013-Ohio-5114, ¶ 12, citing *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122 (1991). An abuse of discretion denotes that the trial court's determination was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶23} Civ.R. 15(A) states, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires." "Because Civ.R. 15(A) expresses a preference for liberality with respect to amendments, 'a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party.'" *Jacobson-Kirsch* at ¶ 12, quoting *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984). However, an attempt to amend a complaint following the

filing of a dispositive motion raises the "spectre of prejudice." *Brown v. FirstEnergy Corp.*, 159 Ohio App.3d 696, 2005-Ohio-712, ¶ 6 (9th Dist.).

{¶24} The record reflects that Aungst did not file a formal motion for leave to file an amended complaint pursuant to Civ.R. 15(A). Instead, in the final paragraph of her brief in response to the Individual Defendant's and Signet's joint motion to dismiss, Aungst requested that if the trial court were inclined to grant the motion to dismiss, she be granted "leave to amend to cure any designated pleading deficiency."

{¶25} As we discussed in the previous assignment of error, the trial court ruled that Aungst, as a minority shareholder, "cannot maintain a lawsuit on behalf of a company for alleged past ultra vires acts without separately pleading that the wrongdoers perpetrated a fraud on the minority." Considering Aungst's request for an opportunity to amend the complaint in lieu of dismissal, the trial court stated:

> In the present case, [Aungst] concedes she did not plead a claim for fraud on the minority. In the absence of this claim, the [c]ourt finds she does not have standing to pursue a claim on behalf of Signet against the Individual Defendants for their alleged ultra vires acts. Given that [Aungst] stated in open court that she is not pursuing this claim, the [c]ourt overrules her Motion for Leave to Amend pursuant to Civ.R.15(A).

{¶26} "'"[W]here a plaintiff fails to make a *prima facie* showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading."'" *Gasper v. Bank of America, N.A.*, 9th Dist. Medina No. 17CA0091-M, 2019-Ohio-1150, ¶ 16, quoting *State ex rel. N. Ohio Chapter of Associated Builders & Contrs., Inc. v. Barberton City School Bd. of Educ.*, 188 Ohio App.3d 395, 2010-Ohio-1826, ¶ 28 (9th Dist.), quoting *Wilmington Steel Prods., Inc.*, 60 Ohio St.3d 120 (1991), syllabus. In this case, Aungst did not propose an amended pleading, but merely requested an *opportunity* to file an amended complaint depending on the trial court's ruling on the motion to dismiss. Aungst did not make a

prima facie showing of support for a new pleading and did not provide the trial court with an opportunity to consider whether an amended complaint might have set forth a claim upon which relief could be granted. Consequently, we cannot say the trial court abused its discretion when it overruled Aungst's request. *See White v. Roch*, 9th Dist. Summit No. 22239, 2005-Ohio-1127, ¶ 8 (finding that the trial court did not abuse its discretion by denying leave to amend a complaint where the appellant did not "file a formal motion with the court seeking leave to amend, but rather made a passing request for leave to amend in her brief opposing the * * * motion to dismiss."). Therefore, Aungst's second assignment of error is overruled.

### III.

{¶27} Aungst's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DREW T. LEGANDO, Attorney at Law, for Appellant.

FRANCIS A. BOTTINI, JR., ALBERT Y. CHANG, and YURY A. KOLESNIKOV, Attorneys at Law, for Appellant.

JOSEPH A. ALLERHAND, STEPHEN A. RADIN, and STACY NETTLETON, Attorneys at Law, for Appellees.

RONALD S. KOPP and JESSICA A. LOPEZ, Attorneys at Law, for Appellees.