OPINION JUDGMENT ENTRY
{¶ 1} Appellant Stark County Department of Job and Family Services appeals from the October 21, 2003, and the November 17, 2003, Judgment Entries of the Stark County Court of Common Pleas, Juvenile Division.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 6, 2003, a delinquency complaint was filed in Case No. 127420 in the Stark County Court of Common Pleas, Juvenile Division, alleging that Gayland Roberson, age 14, had, in violation of R.C. 2152.02, violated a prior court order. The complaint specifically alleged that Gayland had violated "probation rule number 7 in that he was suspended . . . from the Hope Academy . . ."
 {¶ 3} Thereafter, on June 13, 2003, a delinquency complaint was filed in Case No. 127524 alleging that Gayland had committed the offense of domestic violence in violation of R.C. 2919.25, a misdemeanor of the first degree.
 {¶ 4} At a hearing held on June 13, 2002, Gayland entered a plea of true to the charge of violation of a prior court order (hereinafter "VOPCO"), but entered a plea of not true to the charge of domestic violence. The trial court scheduled a pretrial on the domestic violence charge for June 18, 2003, along with the disposition for the VOPCO charge. Pursuant to an Order filed on June 18, 2003, the Magistrate scheduled a trial for June 25, 2003, on the domestic violence charge and continued the disposition with respect to the VOPCO charge to the same date.
 {¶ 5} On June 25, 2003, Gayland admitted the charge of domestic violence and both cases proceeded to disposition. The court found Gayland delinquent and ordered that he be remanded to the Multi-County Juvenile Attention Center pending court placement. The court also ordered that Gayland's custody be placed with appellant Stark County Department of Job and Family Services (hereinafter "SCDJFS").
 {¶ 6} A motion for review of Gayland's placement was scheduled for September 17, 2003. SCDJFS was notified of such hearing on August 28, 2003.
 {¶ 7} Pursuant to a Judgment Entry filed on August 28, 2003, the trial court stated, in relevant part, as follows:
 {¶ 8} "Above juvenile is ordered into court placement at RTC, . . . Said juvenile shall not leave RTC without the express permission of the Court or shall be subject to charges of escape from detention filed pursuant to ORC 2921.34(A). SCDJFS to be responsible for his clothing, personal items, medical, and dental bills. . . ."
 {¶ 9} The trial court entered such entry without holding a hearing. {¶ 10} On October 23, 2003, the trial court signed a second order without hearing. The trial court, in such order, stated that temporary custody was to remain with SCDJFS with continued placement at Multi-County Juvenile Attention Center and that SCDJFS was "to be responsible for per diem, medical and personal items."
 {¶ 11} Subsequently, SCDJFS, on November 3, 2003, filed a motion seeking a review hearing "due to a change of circumstances." SCDJFS, in its motion, indicated that it had never received notice of the complaints in the two cases and was not given notice of any of the hearings "which could result in it obtaining custody of the child." SCDJFS further indicated that it was not served with a copy of the entry placing Gayland in the temporary custody of SCDJFS until August 27, 2003, and that, while, pursuant to a Judgment Entry filed on August 28, 2003, it was ordered to be responsible for clothing, personal items, and medical and dental bills, "[a]gain, no due process was afforded the SCDFJS." Finally, SCDJFS, in its motion, argued that it was prohibited from using federal funds to pay per diem costs for a child placed at RTC.
 {¶ 12} A hearing on SCDJFS's motion was held on November 17, 2003. SCDJFS, at such hearing, asked the court to vacate its order requiring SCDJFS to be responsible for the per diem costs since the order violated due process and required SCDJFS to act in contradiction of federal guidelines. As memorialized in a Judgment Entry filed on November 18, 2003, the trial court overruled SCDJFS's motion and ordered that the status quo continue.
 {¶ 13} It is from the trial court's October 21, 2003, and the November 17, 2003, Judgment Entries that appellant SCDJFS now appeals, raising the following assignments of error:
 {¶ 14} "I. Whether the trial court erred in granting custody of Gayland Roberson to SCDJFS without providing the statutorily required notice to appellant Pursuant to R.C. 2151.3510.
 {¶ 15} "II. Whether the trial court violated the due process rights of appellant by issuing orders which effected a substnatial [sic] interest of appellant without providing notice of hearing, without conducting a hearing or providing appellant with a meaningful opportunity to be present and heard.
 {¶ 16} "III. Whether the trial court erred in requiring SCDJFS to be responsible for the expenses incurred for the care of a juvenile who was ordered to be placed specifically into a multicounty locked denetion [sic] facility which SCDJFS is prohibited from dispersing funds to. The order of the court represented an unreasonable taking of state funding and was in excess of the court's authority and violative of seperation [sic] of powers."
 I {¶ 17} Appellant, in its first assignment of error, argues that the trial court erred in granting custody of Gayland to SCDJFS "without providing the statutorily required notice to appellant pursuant to R.C. 2151.3510". We agree.
 {¶ 18} R.C. 2151.3510 states as follows: "[b]efore a juvenile court issues an order of disposition pursuant to division (A)(1) of section 2151.354 or 2152.19 of the Revised Code committing an unruly or delinquent child to the custody of a public children services agency, it shall give the agency notice in the manner prescribed by the Juvenile Rules of the intended dispositional order." (Emphasis added). R.C. 2152.19 concerns orders of disposition with respect to delinquent children. R.C.2152.19(A)(1) specifically authorizes a court to commit temporary custody of a child who has been adjudicated delinquent to a public children services agency such as SCDJFS.
 {¶ 19} The trial court, in the case sub judice, did not provide any type of notice to SCDJFS prior to granting temporary custody of Gayland to SCDJFS. As noted by appellant, while Gayland was placed in appellant's temporary custody on June 25, 2003, appellant did not learn of the court proceedings until August 28, 2003, when it was notified of the placement review hearing. The trial court, therefore, clearly did not comply with R.C. 2151.3510 since it failed to give appellant notice prior to issuing an order of disposition.
 {¶ 20} Appellant's first assignment of error is, therefore, sustained.
 II {¶ 21} Appellant, in its second assignment of error, argues that the trial court violated its due process rights by issuing orders granting custody of Gayland to SCDJFS and ordering SCDJFS to be financially responsible for Gayland without notice. We agree.
 {¶ 22} Generally, due process requires that "a deprivation of life, liberty, or property `be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" ClevelandBd. of Educ. v. Loudermill (1985), 470 U.S. 532, 542,105 S.Ct. 1487, (citing Mullane v. Central Hanover Bank Trust Co.
(1950), 339 U.S. 306, 313, 70 S.Ct. 652). At a minimum, due process of law requires notice and opportunity for a hearing, that is, an opportunity to be heard. Mathews v. Eldridge
(1976), 424 U.S. 319, 96 S.Ct. 893. See also McGeorge v.McGeorge (May 22, 2001), Franklin App. No. 00AP 1151, 2001 WL 537037.
 {¶ 23} In the case sub judice, the trial court, pursuant to a Judgment Entry filed on June 25, 2003, granted temporary custody of Gayland to SCDJFS following a dispositional hearing on such date. Not only was SCDJFS not advised of the hearing, but it did not receive notice of such disposition until August 28, 2003, when it received notice of a scheduled placement review hearing.
 {¶ 24} In addition, the trial court, as memorialized in a Judgment Entry filed on August 28, 2003, ordered that SCDJFS "be responsible for his [Gayland's] clothing, personal items, medical, and dental bills" and, as memorialized in a Judgment Entry filed on October 23, 2003, ordered that temporary custody remain with SCDJFS and that SCDJFS "be responsible for per diem, medical, and personal items." With respect to both Judgment Entries, there was no notice of a hearing and, in fact, there was no hearing held prior to the issuance of the same. Thus, as noted by appellant, the trial court obligated SCDJFS to be financially responsible for a juvenile "whom it was never apprised it had custody of . . . without providing notice to SCDJFS or the opportunity to be heard, . . ." We find that the trial court, in so doing, violated appellant's due process rights since appellant had no opportunity to be heard with respect to either custody or financial responsibility.
 {¶ 25} Appellant's second assignment of error is, therefore, sustained.
 III {¶ 26} Appellant, in its third assignment of error, contends that the trial court erred in ordering SCDJFS to be responsible for the per diem cost of Gayland's placement in the Multi-County Juvenile Attention Center. Appellant specifically contends that there was no express statutory authority for such order.
 {¶ 27} Based on our disposition of the first and second assignments of error, appellant's third assignment of error is moot.
 {¶ 28} Accordingly, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded for further proceedings.
Edwards, J., Farmer, P.J. and Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for further proceedings. Costs waived.