In re A.B.; Erie County Department of Job and Family Services, Appellant.

[Cite as *In re A.B.*, 191 Ohio App.3d 80, 2010-Ohio-5413.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 95057.

Decided Nov. 4, 2010.

---

Kevin J. Baxter, Erie County Prosecuting Attorney, and Ann Barylski, Susan R. Brown, and Vicki R. Palmer, Assistant Prosecuting Attorneys, for appellant.

E.V., pro se.

J.B., pro se.

Thomas J. Konet, guardian ad litem.

MARY EILEEN KILBANE, Presiding Judge.

{¶ 1} Appellant, Erie County Department of Job and Family Services ("ECDJFS"), appeals the trial court's April 13, 2010 journal entry that committed A.B.[1] to the temporary custody of ECDJFS and ordered that ECDJFS file a case plan within 30 days. ECDJFS argues that it was not afforded the proper notice pursuant to R.C. 2151.3510 and the trial court erred when it determined that A.B. was a resident of Erie County. After a review of the record and applicable law, we affirm.

{¶ 2} The following facts give rise to the instant appeal.

{¶ 3} On September 14, 2007, the state filed a complaint against A.B., alleging that he had committed rape, in violation of R.C. 2907.02, and assault, in violation of R.C. 2903.13. The incident allegedly occurred at the home of A.B.'s mother ("E.V."), in Fairview Park, Ohio. On September 17, 2007, A.B. entered a written denial of the charges.

{¶ 4} On November 19, 2007, the state made an oral motion to amend the first count from rape to gross sexual imposition, in violation of R.C. 2907.05, and dismissed the second count. The trial court granted the motion, and A.B. admitted the allegations in the amended complaint. The trial court found A.B. to be delinquent and placed him on community control. The trial court also found that both parents had legal custody but that A.B.'s father ("J.B.") was the residential parent. J.B. resided in Berlin Heights, Ohio, which is located in Erie County. The matter was then referred to Erie County for courtesy probation supervision.

{¶ 5} On November 17, 2008, A.B.'s Cuyahoga County probation officer, Lisa Mattox, filed a motion with the trial court and requested that A.B. be removed from J.B.'s care and placed in a residential facility because of numerous violations of his community-control conditions. Mattox had received a report from A.B.'s Erie County probation officer, Katharine Conley, detailing the numerous problems he was having both at school and living with his father in Berlin Heights.

{¶ 6} The trial court held several hearings between November 2008 and February 2010, during which time A.B. was ordered to reside and receive treatment at several different facilities located in Cuyahoga County, including Parmadale and the Cleveland Christian Home. The trial court also concluded that the Firelands School District in Erie County would be responsible for bearing the cost of A.B.'s education because his father was an Erie County resident.

---

1. The parties are referred to by their initials or title in accordance with this court's established policy regarding nondisclosure of identities in juvenile cases.

{¶ 7} On April 1, 2010, the trial court held a review hearing, at which it determined that ECDJFS had not been not properly notified of the hearing. That same day, the trial court rescheduled the hearing for April 13, 2010, and mailed ECDJFS a notice of the upcoming hearing.

{¶ 8} On April 13, 2010, the trial court held the hearing, which ECDJFS did not attend. The trial court issued an order placing A.B. in the temporary custody of ECDJFS and ordered ECDJFS to submit a case plan within 30 days.

{¶ 9} ECDJFS appealed, asserting two assignments of error for our review. Assignment of Error Number One

The trial court committed prejudicial error and violated appellant's due process rights in granting temporary custody to appellant without first providing notice as required by O.R.C. 2151.351.

{¶ 10} ECDJFS argues that the trial court violated its due-process rights because it was not properly notified of the April 13, 2010 hearing. After a review of the record, we disagree.

{¶ 11} Due process requires that a party be given notice and an opportunity to be heard prior to the deprivation of life, liberty, or property. *In re Roberson*, Stark App. No. 2003CA00393, 2004-Ohio-4996, 2004 WL 2260687, at ¶ 22, citing *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494. "At a minimum, due process of law requires notice and opportunity for a hearing, that is, an opportunity to be heard." *Roberson* at ¶ 22, citing *Mathews v. Eldridge* (1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18.

{¶ 12} Pursuant to R.C. 2151.3510, before a juvenile court makes a disposition rendering temporary or permanent custody to a public children's services agency, it must first notify the agency of the hearing. A review of the record indicates that the trial court mailed notice of the hearing to ECDJFS on April 1, 2010, almost two weeks prior to the hearing date.

{¶ 13} In its brief, ECDJFS concedes that it received notice of the April 13, 2010 hearing. According to ECDJFS, the same day that it received the notice, Angel Young, an ECDJFS employee, contacted A.B.'s current Cuyahoga County probation officer, Melanie Miller, and asked for more information regarding the upcoming hearing. Miller informed Young that the trial court was considering awarding custody of A.B. to ECDJFS.

{¶ 14} On April 12, 2010, the day before the hearing, ECDJFS stated that Erie County Assistant Prosecuting Attorney Vicki Palmer contacted Miller and stated that no one was available to appear on behalf of ECDJFS the following day but someone could appear later in the week. On April 13, 2010, the trial court proceeded with the hearing without ECDJFS.

{¶ 15} ECDJFS argues that the trial court erred when it proceeded with the hearing. However, it is undisputed that ECDJFS never filed a motion for a continuance or notified the trial court that it was unable to attend the scheduled hearing.

{¶ 16} Therefore, this assignment of error is overruled.

Assignment of Error Number Two

The trial court erred in finding that the child's residence was in Erie County when the child was in the custody of the Cuyahoga County Juvenile Court and the child resided in Cuyahoga County where the original proceeding was brought.

{¶ 17} ECDJFS argues that the trial court erred when it determined A.B. to be a resident of Erie County. After a review of the record and applicable law, we disagree.

{¶ 18} Pursuant to R.C. 2151.06, "a child has the same residence or legal settlement as his parents, legal guardian of his person, or his custodian who stands in the relation of loco parentis." A review of the record indicates that A.B.'s father, who resides in Erie County, was the residential parent at all times during the pendency of this action.

{¶ 19} Although ECDJFS now argues that journal entries from the divorce of A.B.'s parents establish that the mother, who resided in Cuyahoga County, was actually the residential parent, ECDJFS failed to appear at the hearing and raise these arguments with the trial court. These arguments are not properly before this court because a party cannot raise new arguments for the first time on appeal. *Kleinfeld v. Huntington Natl. Bank*, Cuyahoga App. No. 90916, 2008-Ohio-6486, 2008 WL 5182703, at ¶ 37, citing *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 679 N.E.2d 706. Arguments must first be raised in the trial court in order for the trial court to have an opportunity to correct any alleged errors. *State v. Massey* (Apr. 30, 1992), Cuyahoga App. No. 59928, 1992 WL 90148. The evidence now cited by ECDJFS was not before the trial court when it rendered its judgment; therefore, we cannot consider it on appeal.

{¶ 20} Accordingly, this assignment of error is overruled.

Judgment affirmed.

DYKE, J., concurs in judgment only.

COONEY, J., dissents.

COLLEEN CONWAY COONEY, Judge, dissenting.

{¶ 21} I respectfully dissent. I would reverse the trial court judgment because Erie County Department of Job and Family Services was never made a party in the instant case. Merely notifying an agency of a court hearing does not put a governmental agency on notice that it could be responsible for the temporary custody of a juvenile.