[Cite as *In re K.D.*, 2021-Ohio-1538.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

IN RE:  :

    K.D.  :          CASE NO. CA2020-11-063

            :          O P I N I O N
                      5/3/2021

            :

            :

            :

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 2020 JA 56176

Mark J. Tekulve, Clermont County Prosecutor, Nick Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellant

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellee, child

Andrew Helmes, 101 N. Riverside Drive, Batavia, Ohio 45103, for appellee, mother

KL Hurd Law, LLC, Kenyatta Hurd, 11427 Reed Hartman Highway, Cincinnati, Ohio 45241, guardian ad litem

    **S. POWELL, J.**

    {¶ 1} Appellant, Clermont County Department of Job and Family Services

("CCDJFS"), appeals the decision of the Clermont County Court of Common Pleas, Juvenile

Division, issuing a dispositional decision placing appellee, K.D., into CCDJFS' temporary custody without first giving CCDJFS notice of the juvenile court's intended dispositional order as required by R.C. 2151.3510. For the reasons outlined below, we reverse the juvenile court's decision and remand this matter to the juvenile court for further proceedings.

{¶ 2} On September 28, 2020, the juvenile court issued an adjudicatory decision adjudicating K.D. an unruly child as that term is defined by R.C. 2151.022(A). Immediately thereafter, the juvenile court issued a dispositional decision that placed K.D. on a four-year community control term and released K.D. into the temporary custody of CCDJFS. The juvenile court, however, released K.D. into CCDJFS' temporary custody without first giving CCDJFS notice of the juvenile court's intended dispositional order as required by R.C. 2151.3510.

{¶ 3} CCDJFS now appeals the juvenile court's decision placing K.D. into its temporary custody without first giving CCDJFS notice as required by R.C. 2151.3510, raising the following single assignment of error for review.

{¶ 4} THE JUVENILE COURT ERRED BY GRANTING THE AGENCY TEMPORARY CUSTODY OF K.D. WITHOUT FIRST GIVING THE AGENCY NOTICE.

{¶ 5} CCDJFS argues the juvenile court erred by granting it temporary custody of K.D. without first giving it notice of the juvenile court's intended dispositional order as required by R.C. 2151.3510. We agree.

{¶ 6} Pursuant to R.C. 2151.3510, before a juvenile court issues a dispositional decision under either R.C. 2151.354(A)(1) or 2152.19 that commits an unruly or delinquent child to the custody of a public children services agency, such as the case here, "[the juvenile court] *shall* give the agency notice in the manner prescribed by the Juvenile Rules of the intended dispositional order." (Emphasis added.). As noted by the Ohio Supreme Court, the word "shall" means "must." *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-

1410, ¶ 13, citing *Application of Braden*, 105 Ohio App. 285, 286 (1st Dist.1957); and

*Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107 (1971), citing *Cleveland Ry.*

*Co. v. Brescia*, 100 Ohio St. 267 (1919) ("[t]he word 'shall' is usually interpreted to make the

provision in which it is contained mandatory, * * * especially if frequently repeated").  "And

'[t]he word "must" is mandatory.  It creates an obligation.  It means obliged, required, and

imposes a physical or moral necessity.'"  *Id.*, quoting *Willis v. Seeley*, Scioto C.P., 1946

Ohio Misc. LEXIS 240 (June 8, 1946).  Therefore, given the above, the "use of the term

'shall' in a statute connotes a mandatory obligation unless other language evidences a clear

and unequivocal intent to the contrary."  *Id.*, citing *State ex rel. Cincinnati Enquirer v. Lyons*,

140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 28.

{¶ 7}  Based on the plain language found in R.C. 2151.3510, we can find no

evidence to indicate the use of the word "shall" within that statute was intended to mean

anything other than "must," thereby placing a mandatory obligation on the juvenile court to

act in accordance with that statute.  To that end, based on the facts of this case, before the

juvenile court could award temporary custody of K.D. to CCDJFS, the juvenile court was

required by R.C. 2151.3510 to notify CCDJFS of its intended dispositional order.  *See In re*

*A.B.*, 191 Ohio App.3d 80, 2010-Ohio-5413, ¶ 12 (8th Dist.) ("[p]ursuant to R.C. 2151.3510,

before a juvenile court makes a disposition rendering temporary or permanent custody to a

public children's services agency, it must first notify the agency of the hearing").  The

juvenile court did not provide such notice to CCDJFS, a fact that K.D. readily admits as part

of his brief filed with this court,[1] as well as in an "expedited" motion K.D. filed with the

---

1. In his brief, K.D. states that "the record of this case does seem to suggest that the juvenile court did not provide [CCDJFS] with the notice of the intended dispositional order prior to issuing the order."

- 3 -

juvenile court on October 1, 2020.[2]  This was error.  *See, e.g., In re Roberson*, 5th Dist. Stark No. 2003CA00393, 2004-Ohio-4996, ¶ 17-20 (juvenile court erred by granting temporary custody of a delinquent child to a children services agency where the juvenile court "clearly did not comply with R.C. 2151.3510 since it failed to give [the agency] notice prior to issuing an order of disposition").  Therefore, finding merit to CCDJFS' argument raised herein, CCDJFS' single assignment of error is sustained, the juvenile court's decision is reversed, and this matter is remanded to the juvenile court for further proceedings.

{¶ 8}  Judgment reversed and remanded.

M. POWELL, P.J., and HENDRICKSON, J., concur.

---

2. Although arguing the exact opposite now on appeal, we note that in an "expedited" motion to remand custody to his mother that K.D. filed with the juvenile court on October 1, 2020, K.D. argued that "notice is required to be provided to the Children Services Agency" before he could be placed in CCDJFS' temporary custody, but that "[n]o notice was provided" to CCDJFS.