## LEONARD *v.* THE STATE, EX REL. SCOTT, EXR.

*Estates—Concealed or embezzled assets—Scope of Section 10673, General Code—Defendant competent witness, when—Burden of proof—Executor entitled to judgment, when—Sections 10678 and 11495, General Code.*

1. The purpose of Section 10673, making provision for proceedings when property belonging to the estate of a decedent has been concealed or embezzled, is not to furnish a substitute either for criminal proceedings for embezzlement or for a civil action to recover judgment for money owing to the executor, but rather to provide a speedy and effective method for discovery of assets belonging to the estate and to secure possession of them for the purpose of administration.
2. In such an inquiry it is error to treat the defendant as a party to a civil action and therefore incompetent as a witness.
3. The burden of proof is upon the plaintiff to show by a preponderance of the evidence that the defendant received the money or other thing of value claimed to have come into his hands and that he concealed, embezzled or conveyed it away.
4. In cases where such a proceeding is instituted by an executor the judgment, if any is rendered against the defendant, should be in favor of the executor and not in favor of the state.

(Decided July 1, 1914.)

ERROR: Court of Appeals for Clinton county.

JONES, O. B., J.; SWING and JONES, E. H., JJ., concurring.

This was a special proceeding originating in the probate court under Section 10673 and succeeding sections of the General Code, in which plaintiff in error here was charged with having concealed, embezzled or conveyed away money in the sum of $700 belonging to the estate of Lucinda C. Baldwin, deceased.

An application was made to the probate court asking that a writ of citation issue against plaintiff in error, Mary J. Leonard, requiring her to appear before said court and be examined under oath touching the matter of the complaint, and that such proceedings might be had in the premises as were authorized by law. She appeared before the probate court and proceedings were had there, resulting in the finding by the probate judge against her.

The matter was then taken to the court of common pleas and there, a jury being demanded, a hearing was had before the court and a jury, resulting in a verdict finding that Mary J. Leonard was guilty as charged in the complaint filed therein, and the jury assessed the value of the property so concealed and embezzled at $767.26. On this verdict a judgment was entered, adjudging that the State of Ohio, for the use of B. D. Scott as executor of the estate of Lucinda Baldwin, deceased, recover against the said Mary J. Leonard the sum of $767.26 with ten per cent. penalty thereon, amounting to $843.98, and the costs of the proceeding.

The purpose of the statute under which this proceeding was taken was not to furnish a substitute either for criminal proceedings for embezzlement or for a civil suit to recover judgment for money

owing to an executor of an estate, but rather to provide a speedy and effective method for the probate court to discover assets belonging to the estate of a decedent and to promptly secure same for the purpose of administration.

In this case it appears that decedent was an old lady, suffering from an incurable disease and living alone in Blanchester, but under the care and observation of a niece who lived in an adjoining house; that she had on deposit in a bank $600 and also on deposit in a building association $100; that she had heard intimations that her niece or some one else was about to apply for letters of guardianship to take charge of her property, and with the fears and suspicions that often come to the aged she had thereupon withdrawn both sums of money in order to prevent their coming into the custody of others without her will. After her death, which occurred several months later, this money could not be found, and this proceeding was instituted for the purpose of tracing and locating it. Mrs. Leonard was a friend of the deceased. She also lived alone, in a house immediately behind that of decedent, the two lots running back toward each other and being separated by an alley. The houses fronted upon parallel streets and had ready access to each other from a side street upon which they both abutted, and the testimony showed that the decedent visited Mrs. Leonard frequently.

Mrs. Leonard was called upon to say whether she had received this money, and, if so, what she had done with it. She testified that she had received it from the hands of Mrs. Baldwin, who gave it to her for safekeeping; that she kept it for

316    OHIO APPELLATE REPORTS.

Leonard v. State, ex rel. Scott.    [3 Ohio

some time, locking it in a bureau drawer, and that she later returned it to Mrs. Baldwin in the identical bills enclosed in the same box in which it had been given to her. There was testimony by Mr. Scott, the executor, and Mr. Hayes, his attorney, and by Mr. Jack, who was one of the appraisers of the estate of Mrs. Baldwin, to the effect that in certain interviews they had had with Mrs. Leonard before these proceedings were instituted she had. admitted the receipt of the money, that she claimed she had paid it back, but that when told that it was proposed to bring proceedings to compel its repayment, she had promised to repay it again rather than be brought into court and stand the ordeal of a trial. There was no evidence whatever that she ever had the money, except the testimony of Mrs. Leonard, and of the admissions made by her. The rulings on the evidence seem to have permitted the statements that she had received the money to stand, and practically to have excluded from the jury any statement that she had paid it back.

We are of the opinion that there were numerous errors in the admission and rejection of evidence. It is not necessary to point out the questions and answers specifically objected to, because the court below seems to have ruled on the evidence under a misapprehension as to the character of the proceeding. As has been stated, this was not a civil action for money, nor was Mrs. Leonard a party defendant in such capacity. She was cited before the court as a person suspected of having concealed money belonging to the decedent, and under the terms of Section 10673 she was required to be ex-

amined under oath, and it was certainly her privilege to testify fully in relation to all matters covered by the complaint.   Yet the court, evidently treating her as a party to a civil action, to whom the terms of Section 11495 would apply, held that she was not a competent witness, and ruled out testimony that had been given by her and refused to permit her to testify on other matters as to which questions were propounded by her counsel.   Even if Section 11495 might be held to apply to this case, under its terms, especially the exceptions under clauses 3 and 4 thereof, she would be entitled to testify fully as to the transactions, conversations or admissions of the opposite party.   *Rankin* v. *Hannan,* 38 Ohio St., 438;  4 Jones on Evidence, Sections *772, 773.*

We are of the opinion that she was a competent witness as to all matters covered by the complaint, and it was error to exclude her testimony.

The admissions of Mrs. Leonard testified to by Messrs. Scott, Hayes and Jack were embraced in conversations where attempted settlements were considered and discussed.   It was error to admit testimony of conversations relating to any attempted compromise before the bringing of the proceeding.   2 Jones on Evidence, Section 291; *Sherer* v. *Piper & Yenney,* 26 Ohio St., 476.

The court also erred in its charge to the jury in defining what constituted embezzlement, and also in placing the burden of proof upon the defendant below to show a return of the money.   The burden was upon the plaintiff to prove the complaint by a preponderance of the evidence.   This required

proof not only that she received the money, but that she concealed, embezzled or conveyed it away.

Section 10678, General Code, provides that the jury shall determine the amount of damages to be recovered, if the party accused is guilty of having concealed, embezzled or conveyed away money of the deceased, and that the court shall render judgment in favor of the executor, or, if there be no executor, in favor of the state, against the person so found guilty for the amount of money so concealed, together with ten per cent. penalty and all costs. In this case there was no evidence of any sum beyond $700 which had been had by the defendant, yet the jury assessed the value of the property so concealed at $767.26. This probably was upon a basis of adding interest upon the money from the time it had been placed in the hands of the defendant, although there is nothing whatever in evidence showing that it was to bear interest or that it was to be used or had been used by the defendant, and although the testimony given by defendant was that it had remained in the original package during all the time it was in her hands and until its return by her. The judgment of the court on the verdict was for $843.98 with costs, being the entire amount of the verdict with ten per cent. penalty added. This amount would undoubtedly be excessive and contrary to law.

Under Section 10678, General Code, any judgment entered should be in favor of the executor and not, as it was, in favor of the state, as the statute provides that it should be entered in favor of the state only when there is no executor or administra-

tor, or when it is against the executor or administrator.

For the reasons above given the judgment is reversed and the cause remanded for further proceedings.

*Judgment reversed, and cause remanded.*

*Mr. H. S. Pulse* and *Mr. W. W. Hester,* for plaintiff in error.

*Messrs. Hayes & Hayes,* for defendant in error.