THE STATE, EX REL. BOARD OF EDUCATION OF PICKA-
WAY TOWNSHIP RURAL SCHOOL DISTRICT, PICKA-
WAY COUNTY, v. STEELEY ET AL.

*Limitation of actions—"Civil action" and "special proceeding"
distinguished—Statute of limitations inapplicable to spec-
ial proceedings, when—Section 11218, General Code—Re-
covery of concealed or embezzled assets of estate a special
proceeding—Section 10673 et seq., General Code—Proceed-
ing not barred by four-year statute of limitation—Section
11224, General Code.*

1. The term "civil action" in the Ohio code of procedure covers
   only such proceedings as prior to 1853 were known as
   actions at law· or suits in equity.  All other proceedings
   are special proceedings and not subject to the code un-
   less made so by specific provision to that effect.
2. The chapter of the code fixing the limitation of actions,
   beginning with Section 11218, General Code, has no ap-
   plication to special proceedings, except where it specifically
   provides therefor.
3. A proceeding under favor of Section 10673 *et seq.*, General
   Code, to recover property belonging to a decedent's estate,
   is a special proceeding and not barred by Section 11224,
   General Code.

(Decided April 30, 1926.)

ERROR:  Court of Appeals for Pickaway county.

*Mr. Barton Walters* and *Mr. C. A. Leist,* for
plaintiff in error.
*Mr. Charles Dresbach,* for defendants in error.

MAUCK, P. J.  The board of education of the
Pickaway township rural school district filed its
complaint in the name of the state of Ohio in the
probate court, representing that George Steeley

was the surviving executor of the last will and testament of Nelson Hitler, deceased, and that the complainant was the residuary legatee of that estate. This complaint was filed under favor of Section 10673 *et seq.*, General Code. The complaint alleged that the executor and Jessie Steeley had conspired to convert to their own use a certificate of deposit in the principal sum of $25,000, issued by the First National Bank of Circleville and payable to the testator, Nelson Hitler, or his order; that Jessie Steeley is the wife of George Steeley, the executor; that George Steeley listed said certificate for taxation in April, 1917; and that said Jessie Steeley thereafter during the year 1917 made demand upon said bank for the payment of the amount due thereon to herself. It is further represented that demand had been made upon George Steeley to collect and account for the proceeds of said certificate of deposit, and that he had refused so to do.

A demurrer was filed by the respondents to this second amended complaint, and this demurrer was sustained. The complainant not desiring to plead further, the complaint was dismissed. From this order of dismissal error was prosecuted to the court of common pleas, and there the order of dismissal was affirmed. To reverse that order error is prosecuted to this court.

The demurrer challenged the complaint on numerous grounds, but was sustained only on the fifth ground, which was that the complaint was not brought within the time limit for the commencement of such an action. The only question argued in this court is whether or not the probate court

was right in holding that the four-year limitation ran against this proceeding. Our statutes of limitations begin with Section 11218, General Code, which reads as follows:

"A civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in this chapter. When interposed by proper plea by a party to an action mentioned in this chapter, lapse of time shall be a bar thereto as herein provided."

Section 11224 reads: "An action for either of the following causes, shall be brought within four years after the cause thereof accrued:  *  *  *

"For the recovery of personal property, or for taking, detaining, or injuring it."

It is under this paragraph of Section 11224 that the trial court held the complaint in this case to be barred.

By the terms of Section 11218, General Code, the limitations in the chapter of which that section is a part only apply to a civil action, and the practical question before us is whether or not this complaint is a civil action, as that term is used in our Code of Civil Procedure. Our Code of Civil Procedure was passed in 1853. Its purpose was to substitute one form of civil action for all the various forms theretofore employed in various kinds of actions at law and suits in equity. Section 3 of the original Code reads (51 Ohio Laws, p. 57):

"The distinction between actions at law and suits in equity, and the forms of all such actions and suits, heretofore existing, are abolished; and in their place, there shall be, hereafter, but one form of action, which shall be called a civil action."

Pomeroy in his Code Remedies (3d Ed.), Section 34, says of the Code: "All distinctions between actions at law and suits in equity, and between the different forms of common-law actions, having been swept away, the suit in equity and the common actions themselves, as distinctive judicial instruments, have been abrogated and in their stead has been *substituted* the one civil action."

In *Klonne* v. *Bradstreet,* 7 Ohio St., 322, it was said, at page 325: "The Code has abolished the distinction between actions at law and suits in equity, so far as relates either to name or form, and there has been *substituted* for them what is called 'a civil action.' "

In *Dixon, Jr.,* v. *Caldwell,* 15 Ohio St., 415, 86 Am. Dec., 487, the Supreme Court again said: "The Code abolished the distinction between actions at law and suits in equity, and *substituted* in their place one form of action."

It thus appears that when the Code used the term "civil action" it was not making use of the phrase to distinguish civil actions from criminal actions, but was employing a term which was essentially a substitute for the names of all of those forms of action which were being thereby abrogated, and, in the "civil action" thus created by the Code, there was afforded a new remedy as a substitute for the old remedies thereby displaced. When the Code of 1853 used the term "civil action" in Section 3, it meant only the remedy provided for by that act. The next place that the term is mentioned in the original Code, after the third section, is in Section 8, and that section was the predecessor

of present Section 11218, General Code, which, as it originally read, was as follows:

"Civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, but where, in special cases, a different limitation is prescribed by statute, the action may be commenced accordingly."

Clearly these sections are *in pari materia,* and when Section 8 referred to limitations of civil actions it referred to the same civil actions as were mentioned in Section 3, which were actions brought by favor of the new Code, displacing the common-law and equity forms theretofore existing. And in this connection Section 604 of the original Code should be read, which is as follows:

"Until the Legislature shall otherwise provide, this Code shall not affect proceedings on *habeas corpus, quo warranto,* or to assess damages for private property taken for public uses; nor proceedings under the statutes for the settlement of estates of deceased persons; nor proceedings under statutes relating to dower, divorce, or alimony; or to establish or set aside a will; nor proceedings under statutes relating to apprentices, arbitration, bastardy, insolvent debtors; nor any special statutory remedy not heretofore obtained by action; but such proceedings may be prosecuted under the Code, whenever it is applicable."

Here was an express legislative declaration, excluding from the operation of the Code of Civil Procedure the special proceedings therein provided for, and among other such special proceedings were those "under the statutes for the settlement of estates of deceased persons" and "any special

statutory remedy not heretofore obtained by action.''

It is true that this Section 604 is not now found in any section of the Ohio statutes. In the revision of 1878 it was considered obsolete and omitted (75 Ohio Laws, 601, 835), but it was not then, or at any time, so far as we know, repealed. The codifiers were doubtless led to this course by *Chinn* v. *Trustees,* 32 Ohio St., 236, wherein the older cases had been followed by holding that the civil action of the Code is a substitute only for such actions at law and suits in equity as had theretofore been known under common-law procedure, and had pointed out specifically that the limitations prescribed in the Code of Civil Procedure do not constitute a bar to any special proceedings that were not displaced by the civil action. Two paragraphs of the syllabus read:

''1. The limitations of the Code of Civil Procedure, as to the time of commencing civil actions, are applicable, as a bar, only to suits comprehended within the civil action of the Code.

''2. The civil action of the Code is a substitute for all such judicial proceedings as were previously known, either as actions at law or suits in equity, and does not embrace proceedings in mandamus.''

It can hardly be contended that the special proceeding provided for by Section 10673, General Code, now sought to be invoked in this proceeding, was akin to any of the common-law actions superseded by the civil action established in 1853. Even that question is not open to speculation, for curiously enough the same Legislature that enacted

our Code of Civil Procedure enacted a statute having precisely the objects in view that Section 10673 has. 51 Ohio Laws, p. 354. So that it must be said that both the Legislature and the Supreme Court have definitely held that our Code of Civil Procedure, in what it calls a civil action, has provided only a substitute for numerous pre-existing remedies, and that, where the General Assembly creates other and different remedies, such remedies are subject to no limitations found in our Code of Civil Procedure, nor to any limitations except such as may be specifically imposed by some other statute.

We have not overlooked the definition of an action formulated in *Missionary Society* v. *Ely,* 56 Ohio St., 405, 47 N. E., 537, and embodied by the latest codifiers in Section 11237, General Code. This definition does not undertake to wipe out the well-established distinction between the ordinary common-law remedies now merged under the term civil action and the extraordinary actions especially provided by legislation, and commonly known as special proceedings.

We consider it unnecessary to point out the numerous other instances in which Ohio courts have held that other special proceedings are not subject to the limitations applicable to civil actions. Our conclusion is, of course, in harmony with *Leonard* v. *State, ex rel. Scott, Exr.,* 3 Ohio App., 313, and not in conflict with *Tibbott* v. *Cadisch,* 28 O. C. A., 481, 35 C. D., 504. The latter opinion only determines that a special proceeding, like a civil action, results in a judgment conclusive as to the parties thereto.

The order of the probate court in sustaining the demurrer and dismissing the second amended complaint, and that of the common pleas in affirming the same, are reversed, and the proceeding is remanded to the probate court for further proceedings according to law.

*Judgment reversed.*

SAYRE and MIDDLETON, JJ., concur.