[Cite as *Jacobson-Kirsch v. Kaforey*, 2013-Ohio-5114.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| JOANN JACOBSON-KIRSCH | C.A. No. 26708 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELLEN C. KAFOREY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CV-2011-03-1655 |

DECISION AND JOURNAL ENTRY

Dated: November 20, 2013

CARR, Judge.

{¶1} Appellant, Joann Jacobson-Kirsch, appeals the judgment of the Summit County Court of Common Pleas that dismissed her complaint. This Court affirms.

I.

{¶2} The Summit County Probate Court appointed Attorney Ellen C. Kaforey to serve as conservator for Ms. Jacobson-Kirsch for the purpose of assisting Ms. Jacobson-Kirsch in making medical decisions for herself and her daughter. In 2001, Ms. Jacobson-Kirsch's daughter was admitted to Akron Children's Hospital for a surgical procedure. During her stay, Ms. Kaforey limited Jacobson-Kirsch's visitation after her behavior caused concern. Ms. Kaforey filed a conservator's report that referenced the incident and testified accordingly during permanent custody proceedings with respect to Ms. Jacobson-Kirsch's daughter in 2002. Ms. Jacobson-Kirsch observed that testimony and reviewed the probate file in 2002, when she discovered the written report.

**{¶3}** In 2011, Ms. Jacobson-Kirsch sued Ms. Kaforey for numerous claims related to the conservatorship and the ultimate termination of her parental rights. Ms. Kaforey moved to dismiss, alleging that she was immune with respect to statements made during judicial proceedings; that civil liability could not be imposed for alleged violations of criminal statutes; and that most of Ms. Jacobson-Kirsch's claims were time barred. The trial court granted the motion to dismiss in its entirety, and Ms. Jacobson-Kirsch appealed. This Court affirmed with respect to most of her claims, but reversed with respect to her claim for interference with parental interests. *Jacobson-Kirsch v. Kaforey*, 9th Dist. Summit No. 26107, 2012-Ohio-3553. In doing so, this Court disagreed with the trial court's conclusion that Ms. Jacobson-Kirsch had not pleaded sufficient facts to constitute a claim for interference with parental interests under R.C. 2307.50(B). *Id.* at ¶ 16. Because the trial court did not address Ms. Kaforey's statute of limitations argument with respect to that claim, it was beyond the scope of this Court's decision on appeal.

**{¶4}** Upon remand, Ms. Kaforey renewed her motion to dismiss the remaining claim as time barred, arguing again that a claim for interference with parental interests falls under the four-year statute of limitations under R.C. 2305.09. Ms. Jacobson-Kirsch moved for leave to amend the complaint to add her daughter Jessica as a plaintiff. The trial court denied the motion for leave to amend and granted Ms. Kaforey's motion to dismiss. Ms. Jacobson-Kirsch appealed. Her four assignments of error are rearranged for purposes of disposition.

II.

**ASSIGNMENT OF ERROR I**

THE COURT ERRED IN DISMISSING MS. JACOBSON'S R.C. § 2307.50 CIVIL PROCEEDING ON THE BASIS THAT THE PROCEEDING WAS BARRED BY THE FOUR YEAR STATUTE OF LIMITATIONS SET FORTH FOR "ORDINARY PROCEEDING" TORT ACTIONS IN R.C. 2305.09(D)

RATHER THAN A "SPECIAL PROCEEDING" STATUTORY CLAIM SUBJECT TO NONE OF THE LIMITATIONS PERIODS PROVIDED IN R.C. CHAPTER 2305.

{¶5} In her first assignment of error, Ms. Jacobson-Kirsch has argued that the trial court erred in its conclusion that her claim for interference with parental interests is subject to the four-year limitations period set forth in R.C. 2305.09. Specifically, she has argued that claims arising under R.C. 2307.50 are not "civil actions" and, as such, are not subject to any statute of limitations. We disagree.

{¶6} Under R.C. 2305.03(A), a "civil action" that accrues in the State of Ohio must commence within the limitations periods set forth in R.C. 2305.04 through R.C. 2305.22 unless another limitations period is provided by statute. Early cases applying statutes of limitation now codified in R.C. Chapter 2305 recognized a distinction between "civil actions," which are subject to the statutes, and "special proceedings," which are not. *See*, *e.g.*, *State ex rel. Bd. of Edu. Of Pickaway Twp. Rural Sch. Dist. v. Steeley*, 21 Ohio App. 396 (4th Dist.1926). These cases recognized that the statutes of limitation as adopted did not apply to proceedings excluded from the denomination of "civil actions" when the distinction between actions at law and actions in equity was abolished. *Id*. at 400. *See also Chinn v. Trustees*, 32 Ohio St. 236 (1877), paragraph one of the syllabus (holding that actions in mandamus were not subject to the statute of limitations because they were not "comprehended within the civil action of the code.").

{¶7} Those "special proceedings" are actions specially created by statute that were not denoted as actions at law or suits in equity before 1853. *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, ¶ 6, quoting R.C. 2505.02(A)(2). The distinction between ordinary actions and special proceedings is based on the character of the underlying action. *Walters v. Enrichment Center of Wishing Well, Inc.*, 78 Ohio St.3d 118, 120 (1997). The

distinction is not based on the particular claims that are pled. *See*, *e.g.*, *University Commons Assoc. Ltd. v. Commercial One Asset Management, Inc.*, 8th Dist. Cuyahoga No. 85202, 2005-Ohio-4568, ¶ 22 fn.8 ("Tort claims in Ohio were recognized at common law and they are not, therefore, part of a special proceeding."). An ordinary civil action for damages is not a "special proceeding" merely because it asserts individual claims that are creatures of statute. *Stevens v. Ackman*, 91 Ohio St.3d 182, 187-188 (2001) (concluding that a suit for wrongful death arising under R.C. Chapter 2125 was "an ordinary civil action seeking damages" and not a special proceeding.)

**{¶8}** R.C. 2307.50(B) permits "a civil action * * * to recover damages for interference with the parental or guardianship interest." The nature of this claim is an ordinary civil action for damages and, as such, it is not brought in a special proceeding. Because R.C. 2307.50 does not set forth a limitations period specific to these claims, we look to R.C. 2305.04 through R.C. 2305.22 to determine the appropriate statute of limitations. R.C. 2305.09(D) applies in this instance:

> [A]n action for any of the following causes shall be brought within four years after the cause thereof accrued: * * * For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code.

*See also Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 179 (1989) ("R.C. 2305.09 provides a general limitations period of four years for tort actions not specifically covered by other sections of the Ohio Revised Code. General tort claims, including those for negligence, are governed by R.C. 2305.09(D).").

**{¶9}** At the latest, Ms. Jacobson-Kirsch's claim accrued in 2002. She filed her civil case in 2011, nine years later, and the trial court did not err by granting Ms. Kaforey's motion to dismiss on that basis. Ms. Jacobson-Kirsch's first assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE COURT ERRED IN ACCEPTING MS. KAFOREY'S ARGUMENT THAT THE FOUR YEAR LIMITATIONS PERIOD OF R.C. § 2305.09(D) WAS APPLICABLE TO INTERFERENCE WITH PARENTAL INTEREST CLAIM EVEN THOUGH THAT ARGUMENT WAS UNSUPPORTED WITH APPOSITE CITATION TO OHIO PRECEDENT.

## ASSIGNMENT OF ERROR IV

THE COURT ERRED IN FAILING TO READ OR DULY CONSIDER THE MOTIONS AND SUPPORTED ARGUMENT SUBMITTED BY MS. [JACOBSON-KIRSCH] INCLUDING MS. JACOBSON'S PENDING MOTION TO STAY WHEN THE COURT DISMISSED THE CASE 14 DAYS BEFORE OVERRULING MS. [JACOBSON-KIRSCH]'S MOTION FOR CLARIFICATION AND STAY.

{¶10} In her third and fourth assignments of error, Ms. Jacobson-Kirsch argues that the trial court erred by agreeing with the arguments in Ms. Kaforey's motion to dismiss and, conversely, by rejecting her arguments in opposition. This Court has concluded that the trial court did not err in granting the motion to dismiss, however, so Ms. Jacobson-Kirsch's third and fourth assignments of error are overruled on that basis.

## ASSIGNMENT OF ERROR II

THE COURT ERRED IN DENYING MS. [JACOBSON-KIRSCH]'S MOTION TO JOIN HER DAUGHTER AS AN INDISPENSABLE PARTY AND PARTY NEEDED FOR A JUST ADJUDICATION PURSUANT TO CIV.R. 17 AND CIV.R. 19, THUS DENYING R.C. § 2305.16 TOLLING DUE TO MINORITY THAT COULD TOLL ANY OTHERWISE APPLICABLE STATUTES OF LIMITATION.

{¶11} Ms. Jacobson-Kirsch's second assignment of error argues that the trial court erred by denying her motion for leave to amend her complaint to join her daughter as a plaintiff. We disagree.

{¶12} This Court reviews the denial of a motion for leave to amend a pleading for an abuse of discretion. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122 (1991). The version of Civ.R. 15(A) that was in effect in 2012 provided

that "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires." Because Civ.R. 15(A) expresses a preference for liberality with respect to amendments, "a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984). When a plaintiff requests leave to amend the complaint after a motion to dismiss has been filed under the version of Civ.R. 15(A) at issue in this case, the request "raises the spectre of prejudice." *State ex rel. N. Ohio Chapter of Associated Builders & Contrs., Inc. v. Barberton City Schools Bd. of Edn.*, 188 Ohio App.3d 395, 2010-Ohio-1826, ¶ 28 (9th Dist.), quoting *Brown v. FirstEnergy Corp.*, 159 Ohio App.3d 696, 2005-Ohio-712, ¶ 6 (9th Dist.).

{¶13} After this Court affirmed the trial court's dismissal of most of Ms. Jacobson-Kirsch's claims, Ms. Kaforey moved for leave to renew her previously filed motion to dismiss the remaining claim on statute of limitations grounds. The trial court granted that motion, and it was not until that point that Ms. Jacobson-Kirsch moved for leave to amend the complaint. In denying leave to amend, the trial court explained the context for its decision:

> On May 26, 2011, Jacobson sought Leave to Amend her Complaint, but failed to attach a proposed amended complaint. On that same date, the Court held a status hearing and granted her permission to attach the amended complaint, but she failed to do so. On August 8, 2011, the Court entered an order dismissing Plaintiff's claims against Kaforey pursuant to Civ.R. 12(B)(6). Subsequently, on September 6, 2011, Plaintiff filed an appeal.
>
> * * *
>
> Plaintiff's leave to amend her complaint seeks to add additional claims on behalf of her daughter based on the exact same facts and circumstances that existed at the time the original Complaint was filed. Plaintiff seeks to amend her Complaint almost 1 1/2 years after it was originally filed, subsequent to the Court dismissing all of her claims, and after the Ninth District affirmed that dismissal as to all but

> one of Plaintiff's claims. The Court finds that Plaintiff's Motion for Leave to Amend her Complaint is untimely. Further, the Court finds that granting Plaintiff leave would require Kaforey to re-litigate claims previously adjudicated. This, the Court finds, would be prejudicial and burdensome to Kaforey.

This Court has consistently held, under similar facts, that a trial court does not abuse its discretion when it denies leave to amend a complaint after a motion to dismiss has been filed. *See*, *e.g.*, *Brown*, 159 Ohio App.3d at 700, 2005-Ohio-712, at ¶ 6 (concluding leave to amend was properly denied two years after the complaint was originally filed and shortly after the defendant moved the trial court to reconsider its motion to dismiss). To do so in these circumstances would permit a plaintiff to "sit by * * * and bolster up their pleadings in answer to a motion[.]" *Id.*, quoting *Johnson v. Norman Malone & Assoc., Inc.*, 9th Dist. Summit No. 14142, 1989 WL 154763, * 10 (Dec. 20, 1989). In this case, we reach the same conclusion. An amendment to the complaint after Ms. Kaforey renewed her motion to dismiss the only claim remaining upon remand would have unduly prejudiced Ms. Kaforey, and the trial court did not abuse its discretion by denying that motion.

{¶14} Ms. Jacobson-Kirsch's second assignment of error is overruled.

III.

{¶15} Ms. Jacobson-Kirsch's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

8

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

JOANN JACOBSON-KIRSCH, pro se, Appellant.

STEVEN G. JANIK, AUDREY K. BENTZ, and NICHOLAS P. RESETAR, Attorneys at Law, for Appellee.