**[Cite as *Wu v. Reproductive Gynecology, L.L.C.*, 2025-Ohio-5848.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| ALBY WU | C.A. No. 31580 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| REPRODUCTIVE GYNECOLOGY, LLC | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CV-2025-03-1466 |

## DECISION AND JOURNAL ENTRY

Dated: December 31, 2025

SUTTON, Judge.

{¶1} Plaintiff-Appellant, Alby Wu, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

## II.

## <u>Relevant Background</u>

{¶2} This appeal arises from a complaint filed by Ms. Wu against Reproductive Gynecology, LLC ("Appellee"), her former employer, for abuse of process. In her complaint, Ms. Wu alleges C.P., who is also Appellee's employee, "abused his authority or power to have unethical and improper sexual relationships with multiple female [] employees." Ms. Wu further alleges C.P. sexually assaulted her and the Federal Bureau of Investigation filed an indictment against C.P. Ms. Wu claims Appellee chose to ignore allegations regarding C.P.'s conduct and allowed C.P. "to continue having unethical sexual relationships in its clinics."

{¶3}  In her complaint, Ms. Wu alleged Appellee filed a complaint against her in Franklin County, Ohio, Case No. 20-CV-8213, for defamation.  As to this complaint, Ms. Wu alleged Appellee "filed a false litigation against [her] and falsely alleged defamation for the purpose of asking [Ms.] Wu to shut up."  Ms. Wu also alleged Appellee filed this "frivolous complaint to bully [Ms.] Wu."  Subsequently, Ms. Wu alleged she signed a non-disclosure agreement with Appellee that requested "she not reveal anything even if [Appellee] or its employee commits crimes or unethical conduct."  After signing the non-disclosure agreement, Ms. Wu alleged she filed a civil complaint against C.P. in Delaware County, Ohio, and Appellee was not a party to that litigation.  Ms. Wu stated Appellee then filed Franklin County, Ohio, Case No. 21-CV-2008, alleging Ms. Wu breached the non-disclosure agreement and also filed a motion for a preliminary injunction against Ms. Wu.

{¶4}  Ms. Wu further alleged a series of actions taken by C.P., *not Appellee*, to utilize pleadings, which are public records, between Ms. Wu and Appellee from the Franklin County case to gain leverage in the Delaware County case filed by Ms. Wu against C.P.  Ms. Wu claimed, "[a]ccording to [C.P.], [Appellee] authorized [C.P.] to use any and all court documents that [Appellee] filed in the Franklin County Court, including but not limited to [Appellee's] complaints, [Appellee's] motions, [Appellee's] preliminary injunction, etc., as a threat, leverage, coercion, and/or pressure against [Ms.] Wu in the Delaware County litigation between [C.P.] and [Ms.] Wu where [Appellee] was not a party."  Ms. Wu claimed the breach of contract proceeding initiated against her by Appellee:

> has been perverted to attempt to accomplish an ulterior purpose for which it was not designed.  [Appellee's] ulterior purpose included []: [Appellee's] purpose of filing the litigation, in which [Appellee] pled breach of contract [] in Franklin County was to let [C.P.] use [Appellee's] litigation process itself as the threat against [Ms.] Wu outside the court proceeding to pressure or coerce [Ms.] Wu into voluntarily surrendering/dismissing her claims against [C.P.] in Delaware County.

{¶5} Appellee filed a motion to dismiss Ms. Wu's complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted. Ms. Wu filed a memorandum in opposition to Appellee's motion to dismiss, and Appellee filed a reply in support of its motion.

{¶6} Subsequent to the filing of Appellee's motion to dismiss, Ms. Wu filed a motion for leave to amend her complaint instanter. Appellee responded in opposition and Ms. Wu withdrew the motion. Ms. Wu then filed a renewed motion for leave to file amended complaint instanter, which she again withdrew. Ms. Wu filed another renewed motion for leave to file amended complaint instanter. Appellee responded in opposition to Ms. Wu's renewed motion.

{¶7} The trial court granted Appellee's motion to dismiss and denied Ms. Wu leave to amend her complaint.

{¶8} Ms. Wu now appeals raising two assignments of error for our review.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY GRANTING [APPELLEE'S] MAY 27, 2025 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER CIVIL RULE 12(B)(6).**

{¶9} In her first assignment of error, Ms. Wu argues the trial court erred in granting Appellee's motion to dismiss. We disagree.

{¶10} This Court reviews an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. City of Rossford*, 2004-Ohio-4362, ¶ 5. A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." Civ.R. 12(B)(6). In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk*

*Co.*, 40 Ohio St.3d 190, 192 (1988). Before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶11} "The three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294 (1994), paragraph one syllabus. "Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court itself is powerless to order." *Robb v. Chagrin Lagoons Yacht Club*, 75 Ohio St.3d 264, 271 (1996). "[T]here is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, *even though with bad intentions*." (Emphasis added.) *Yaklevich* at 298, fn.2, quoting Prosser & Keeton, The Law of Torts 898 (5th Ed. 1984).

{¶12} Here, in dismissing Ms. Wu's complaint, the trial court explained, in part:

> The [c]ourt finds that [Ms. Wu's] Complaint fails to state a claim for abuse of process. [Ms. Wu] claims that [Appellee] did not have probable cause to bring the Franklin County lawsuit, which does not meet the first element of an abuse of process claim. Even if [Ms. Wu] did claim that probable cause existed for the Franklin County lawsuit, [Ms. Wu's] allegation that the purpose of the Franklin County lawsuit has been perverted by [Appellee's] counsel supplying public record documents to [C.P.'s] counsel cannot meet the second element of an abuse of process claim.

{¶13} Upon our review of the factual allegations set forth in Ms. Wu's complaint, and even in presuming all of these factual allegations are true and making all reasonable inferences in favor of Ms. Wu, it appears beyond doubt that Ms. Wu can prove no set of facts entitling her to recovery for abuse of process. Even if Ms. Wu properly pleaded the Franklin County breach of contract case was set in motion in proper form and with probable cause, Ms. Wu has not pleaded

*any* facts to support her allegation that Appellee perverted the Franklin County case to attempt to accomplish an ulterior purpose for which the case was not designed. Ms. Wu's factual allegations regarding C.P.'s use of public records from the Franklin County case to gain the upper hand in the Delaware County case, wherein Appellee is not even a party, are not sufficient to plead abuse of process. Indeed, Ms. Wu has not pleaded any facts indicating Appellee perverted the process in the *Franklin County case* to attempt to accomplish an ulterior purpose for which the Franklin County case was not designed. The fact that C.P. may be using public records from the Franklin County case to bolster his *own position* in the Delaware County case does not allow for recovery on an abuse of process claim.

{¶14} Accordingly, Ms. Wu's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY DENYING [MS. WU'S] JUNE 23, 2025 MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, [INSTANTER.]**

{¶15} This Court reviews the denial of a motion for leave to amend a pleading for an abuse of discretion. *Jacobson-Kirsch v. Kaforey*, 2013-Ohio-5114, ¶ 12 (9th Dist.), citing *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122 (1991). An abuse of discretion denotes that the trial court's determination was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶16} Civ.R. 15(A) states, in relevant part:

A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all

other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.

{¶17} Civ.R. 15(A) "favors a liberal policy when the trial judge is confronted with a motion to amend a pleading beyond the time limit when such amendments are automatically allowed." *Wilmington Steel* at 122. "Because Civ.R. 15(A) expresses a preference for liberality with respect to amendments, 'a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party.'" *Jacobson-Kirsch* at ¶ 12, quoting *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984). The "spectre of prejudice" rises when a plaintiff requests leave to amend their complaint after a defendant has filed a motion to dismiss. *Jacobson-Kirsch* at ¶ 12.

{¶18} Here, in denying Ms. Wu's June 23, 2025, renewed motion for leave to file an amended complaint instanter, the trial court stated, in part:

> The [c]ourt notes that [Ms. Wu] filed this Motion after [Appellee] filed its Motion to Dismiss.
>
> The Ninth District Court of Appeals has held that it is not error when a trial court denies leave to amend a complaint after a motion to dismiss has been filed. To grant leave "in these circumstances would permit a plaintiff to 'sit by [. . .] and bolster up their pleadings in answer to a motion[.]'"
>
> The [c]ourt finds that it would cause undue prejudice to [Appellee] if [Ms. Wu] were permitted to amend her Complaint after a Motion to Dismiss was filed[.]

(Internal citations omitted.) The trial court also noted on June 5, 2025, Ms. Wu filed her first motion for leave to file amended complaint, which she then withdrew. Ms. Wu filed a "renewed" motion for leave to file amended complaint on June 20, 2025, which she then withdrew. On June 23, 2025, Ms. Wu filed another "renewed" motion for leave to file amended complaint, which is the subject of this appeal.

**{¶19}** Based upon this record, we cannot say the trial court abused its discretion in denying Ms. Wu's renewed motion for leave to file amended complaint instanter.

**{¶20}** Accordingly, Ms. Wu's second assignment of error is overruled.

III.

**{¶21}** For the reasons set forth above, Ms. Wu's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶22} I respectfully dissent from the judgment of the majority as I would conclude that the trial court erred in granting the motion to dismiss.

{¶23} Viewing the allegations in a light most favorable to Ms. Wu, I would determine that her complaint is sufficient to state a cause of action for abuse of process. "In order to establish a claim of abuse of process, a plaintiff must satisfy three elements: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." (Internal quotations and citation omitted.) *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 270 (1996). At the heart of Ms. Wu's complaint is the allegation that Appellee has repeatedly ignored information and attempted to conceal the fact that one of its employees, C.P., has had inappropriate relations with subordinate employees and sexually assaulted Ms. Wu. Ms. Wu alleged that Appellee forced her to enter into a nondisclosure agreement related to these allegations. After Ms. Wu filed a civil suit against C.P., Appellee filed suit against Ms. Wu for alleged violation of the nondisclosure agreement. Ms. Wu asserts there was probable cause to support that filing by Appellee but that Appellee had an ulterior purpose in filing the suit. For example, Ms. Wu alleged that it was her understanding that, if she voluntarily dismissed her claims against C.P., then Appellee would not move forward with a motion to show cause in its own case. Ms. Wu also contended that Appellee's actions caused her damage and listed various damages she alleges were caused by the abuse of process.

{¶24} "In an abuse of process case, [t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." (Internal quotations and citation omitted.) *Id.* at 271. Here, it is Ms. Wu's contention that Appellee was using the proceedings in the case it filed to get Ms. Wu to dismiss her case against C.P., something that could not be achieved through Appellee's own case. While Ms. Wu's complaint is perhaps not artfully drafted, and although she may not ultimately be able to prove her allegations, the allegations are nonetheless sufficient to withstand a motion to dismiss. Accordingly, I respectfully dissent.

APPEARANCES:

ALBY WU, pro se, Appellant.

BRANDON T. PAULEY, Attorney at Law, for Appellee.